# Harlan Gas Coal Company v. Hensley et al.

(Decided May 13, 1930.)

JAS. H. JEFFRIES, J. C. BAKER and E. H. JOHNSON for appellant.

CHARLES B. SPICER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is the second appeal of this case. The former opinion is reported in 223 Ky. 221, 3 S. W. (2d) 640. The former opinion is the law of the case. The facts are substantially the same, but appellees introduced evidence on this trial tending to make more definite and certain the area from which coal had been taken by appellant.

At the first trial there was a judgment for $3,750. On the second trial there was a verdict for $1,000. The former opinion, by fair inference, held that there was sufficient evidence to take the case to the jury, but it was held that the evidence was of such an uncertain nature as to render it difficult, if not impossible, for a jury to ascertain the value of the coal taken.

It is argued by appellant that there should have been no recovery because the actual survey on the ground and the maps of the mining engineer demonstrated that appellant did not extend any of its entries, rooms, or working places under the land of appellees. It is true that the evidence offered by appellant strongly tends to support that contention, but there was evidence of weight by those who worked in the mines of appellant that it did extend its entries, rooms, or working places under the land of appellees. An engineer surveyed the land of appellees adjoining the operation of appellant and estimated the coal-bearing area and calculated the coal ton-

nage. He testified that the coal-bearing area was .58 acres, and that the tonnage of coal which could be taken from the area was above 5,000 tons. Appellees testified that when they extended their operation from the land of the husband's father on which he had a lease to their own land, all of the coal under their land had been removed with the exception of a certain part of it below a parting which had been left in such condition that it could not be mined. There was evidence from which the jury might reach a conclusion that appellant had taken all of the coal from the coal-bearing area of appellees' land.

It is urged by appellant that the verdict is excessive because it was established by the evidence that there was not more than 1,000 tons of recoverable coal taken from the coal-bearing area, if any was taken at all. The evidence was conflicting on this point, but even if the contention of appellant in this respect should be sustained, there is some evidence that the coal was knowingly and willfully removed, and if such was true the appellant was not confined to a recovery based on the value of the royalty. Middle Creek Coal Co. v. Harris et al., 217 Ky. 620, 290 S. W. 468; Ashurst v. Cooper's Admr's, 218 Ky. 459, 291 S. W. 730.

It is contended by appellant that the court erred in refusing to give instruction "A" offered by it. That instruction restricted the jury in its verdict to the customary royalty value of the coal, and it is insisted that such value was not greater than 20 or 25 cents a ton. The same idea is embodied in instruction No. 4 given by the court, and the giving of the instruction offered would have been surplusage, and it was not error on the part of the court for that reason to refuse the instruction.

Judgment affirmed.