## Louisville & N. R. Co. v. Gregory.

Nov. 21, 1941.

Doolan, Helm, Stites & Wood and Wm. Lewis & Son for appellant.

Flem D. Sampson and John M. Robsion for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

This is the third appeal of this case. The judgment on the first trial in favor of the plaintiff for $25,000 was reversed because the verdict was excessive. Louisville & N. R. Co. v. Gregory, 279 Ky. 295, 130 S. W. (2d) 745. The judgment of $21,000 in plaintiff's favor was reversed on the second appeal because Gregory failed to submit to cross-examination and because of improper argument of his counsel, as is shown by the opinion reported in 284 Ky. 297, 144 S. W. (2d) 519. As the facts fully appear in the first opinion, it is unnecessary to restate them.

The third trial was held during the latter part of the February, 1941, term. In the course of that trial the regular judge entered an order on March 14th calling a special term of the Laurel Circuit Court to convene on March 25th to extend sixteen juridical days, which order recited that all cases on the ordinary and equity dockets were set for hearing at this special term. Incorporated in the order is the statement that the regular judge could not preside at the special term and the clerk was directed to certify this fact to the Chief Justice of this court for the appointment of a special judge. The order calling the special term further recited, "That no jury be summoned at this time," but provided that a jury be summoned for such time as the special judge thought necessary to hear ordinary cases assigned for trial at the special term.

The verdict on the third trial was for $25,000, which the trial judge set aside and granted a new trial on the ground that the verdict was excessive on authority of the first opinion reported in 279 Ky. 295, 130 S. W. (2d) 745. Upon granting the new trial the regular judge on March

22nd set the case for trial on the eighth day of the special term, April 2nd. On March 27th, the special judge ordered the clerk to deliver to the sheriff the list of the petit jury drawn at the regular February term for use at the following May term, and directed the sheriff to summon the petit jury for April 2nd. On March 29th, defendant moved for a continuance because: (1) No jury was ordered not less than five nor more than ten days before the special term convened as provided by Kentucky Statutes, Section 2244; (2) the case was not included within the order calling the special term. The order overruling this motion on the day it was made directed the sheriff to summon the petit jury from the list of names which had been given him by the clerk.

On the day of trial, April 2nd, defendant again moved for a continuance on the grounds that the order calling the special term did not give the style of the case and did not provide that all cases pending on the docket were included within the call as required by Kentucky Statutes, Section 971-13. Also, defendant moved to discharge the panel because it was not ordered to be summoned within the time required by Section 2244. Both motions were overruled and the case went to trial. It may be noted here that none of the motions made by defendant for a continuance, or to discharge the panel, stated any grounds wherein it was prejudiced by the failure to comply with Section 2244 in opening the jury list and delivering it to the sheriff; also, that the order calling the special term set all cases on both the ordinary and the equity dockets for hearing.

The fourth trial resulted in a verdict for $23,000 and to reverse the judgment entered thereon defendant assigns four errors: (1) The jury was not ordered summoned in the time required by Section 2244; (2) after the verdict defendant discovered certain of the jurors were disqualified; (3) the jury should have been discharged on account of the misconduct of plaintiff's counsel; (4) the verdict is excessive.

In support of its first ground defendant relies upon: Covington & C. B. Co. v. Smith, 118 Ky. 74, 80 S. W. 440; Louisville, H. & St. L. R. Co. v. Schwab, 127 Ky. 82, 105 S. W. 110; Louisville & N. R. Co. v. Owens (Curt Jones v. Owens), 164 Ky. 557, 175 S. W. 1039; Louisville & N. R. Co. v. Messer, 165 Ky. 506, 176 S. W. 1200; Imperial Jellico Coal Co. v. Fox, 167 Ky. 1, 179 S. W. 1032;

Fletcher v. Com., 239 Ky. 506, 39 S. W. (2d) 972; Williams v. Com., 254 Ky. 277, 71 S. W. (2d) 626; Kitchen v. Com., 275 Ky. 564, 122 S. W. (2d) 121; Bain v. Com., 283 Ky. 18, 140 S. W. (2d) 612; South v. Com., 287 Ky. 99, 152 S. W. (2d) 295; Wilson v. Com., 287 Ky. 286, 152 S. W. (2d) 952. An examination of these authorities shows that the Williams, Kitchen, Bain, South and Wilson cases relate to the manner in which the jury commissioners shall fill the wheel in compliance with Section 2241, Kentucky Statutes, or in which jurors shall be drawn therefrom by the judge as provided in Section 2243. The Fletcher opinion holds that Section 2247 mandatorily requires the jury lists to be drawn in open court. The Jones, Messer and Fox opinions forbid the trial judge from impaneling new jurors each week of the term. The Smith opinion holds the judge of a court of continuous session cannot select jurors from a list drawn from the wheel for a previous month. None of these authorities deal with the question confronting us, is the requirement of Section 2244 mandatory that the judge shall direct the clerk to immediately open the jury list and deliver them to the sheriff not less than five nor more than ten days before the special term is to begin?

While the provision of Section 2244 as to the time the jury lists should be opened and delivered to the sheriff should be followed as closely as practicable, such provision is not mandatory but is only directory, and a failure to comply therewith will not vitiate the panel, unless it be manifest that the omission operates to the prejudice of the party challenging the panel. If it were otherwise, great delay might interfere with jury trials at special terms although there would be no substantial reason for discharging the panel because the jury lists were not delivered to the sheriff within the time provided by statutes. 16 R. C. L., Sections 51 and 52, pages 234 and 236; 35 C. J., Section 229, page 271; State v. Teachey, 138 N. C. 587, 50 S. E. 232; People v. Estes, 303 Ill. 602, 136 N. E. 459; Lanier v. Greenville, 174 N. C. 311, 93 S. E. 850; Peoples v. State, 46 Fla. 101, 35 So. 223, 4 Ann. Cas. 870; Moore v. Navassa Guano Co., 130 N. C. 229, 41 S. E. 293; Worley v. State, 21 Ga. App. 787, 95 S. E. 304.

Among the authorities holding that a statutory provision as to the time the jury should be summoned is mandatory, we notice that in Re Panel of Petit Jurors

for New Castle Co., 6 Pennewill 171, 22 Del. 171, 65 A. 770, the panel was discharged because not drawn within the time fixed by statute, yet the court ordered the sheriff to forthwith summons the same jurors to attend court as petit jurors. In State v. Haney, 151 Mo. App. 251, 132 S. W. 55, 56, after the panel was discharged as not having been drawn in time, the court permitted 16 of the men on the panel to be summoned as bystanders where it was shown no harm would be done to movant, the court saying, ''The error in selecting the original panel only attached to the panel as such, and not to individual members.''

It is within the common knowledge of most trial judges that sheriffs often do not actually summon the jurors until shortly before they are to report in court. The provisions in the Statutes as to the time the lists are to be opened and delivered to the sheriff are for the purpose of making public the lists and to allow ample time to the sheriff within which to summon the jurors. Here the list was ordered to be opened and delivered to the sheriff on March 27th, which was more than five days before the trial on April 2nd, and the names were made public and the sheriff's opportunity for summoning the jurors was for a greater time than would have been allowed by the Statutes had the case been set for trial on the first day of the special term and the list opened and delivered to the sheriff within the minimum of five days before court convened as provided by Section 2244. Then, too, the defendant did not show any prejudice by reason of the delay in the opening of the list.

Roy Tincher, who signed the verdict as foreman, is the son of J. L. Tincher, who served on the jury on the second trial of this case in 1939. It is argued by the defendant that had Roy divulged that his father had served on the 1939 jury it would not have accepted him. It was written in Drury v. Franke, 247 Ky. 758, 57 S. W. (2d) 969, 88 A. L. R. 917, and in Olympic Realty Co. v. Kamer, 283 Ky. 432, 141 S. W. (2d) 293, that where the answer, or failure to answer, by the juror on his voir dire misleads the party into accepting a juror, he would have challenged had the true fact been disclosed by the juror's answer, a new trial should be granted, although such answer would not have disclosed facts entitling him to a peremptory challenge. But here the voir dire was not reported and we have no way of determining what ques-

tions were asked this juror nor what answers he made thereto.

On its motion for a new trial the defendant introduced several jurors and proved by them that some of their number before being impaneled, and others during the course of the trial, had read a newspaper article to the effect that the special judge had set aside a verdict for $25,000 in plaintiff's favor because it was excessive; that the case had been tried three times and reversed twice by this court, once because of excessive damages and another time because Gregory failed to submit to cross-examination.

It appears that this court has applied to civil cases Section 272 of the Criminal Code of Practice:

"A juror can not be examined to establish a ground for a new trial, except it be to establish that the verdict was made by lot." Borderland Coal Co. v. Kerns, 171 Ky. 626, 188 S. W. 783; Cadle v. McHargue, 249 Ky. 385, 60 S. W. (2d) 973; City of Covington v. Parsons, 258 Ky. 22, 79 S. W. (2d) 353.

It was written in the Kerns case, supra, that the fact a juror knew the result of a former trial did not of itself disqualify him, and before a new trial would be granted it must appear from competent evidence that such fact so operated on the juror's mind as to influence his verdict. There was no evidence in this record that this newspaper article had any effect upon the jurors who read it.

On cross-examination of defendant's witness, Dr. W. G. Pennington, for the purpose of showing bias against the plaintiff, he was asked if he did not make certain statements relative to a change of venue in this case. The court sustained defendant's objection to the question. Dr. Whitis, another witness for defendant, testified as to the plaintiff being in his office soon after the wreck, and on cross-examination plaintiff's counsel asked the Doctor, "Is he the only person hurt on that train and wreck that you saw?" Defendant's objection thereto was sustained. Mrs. Swinford, who worked in the office of Mr. Edge, an attorney, testified for the defendant as to plaintiff's physical condition while he was in Edge's office. On cross-examination she was asked if she did not assist Mr. Edge in filing a claim against plaintiff for $9,600 attorney's fee in this case, to which the court

sustained defendant's objection. Defendant insists that although its objections were sustained to these three questions and they were not answered, yet the questions themselves were so prejudicial as to entitle it to have its motion sustained to discharge the jury, citing Shields' Adm'rs v. Rowland, 151 Ky. 136, 151 S. W. 408; Louisville & N. R. Co. v. Reaume, 128 Ky. 90, 107 S. W. 290; Louisville & N. R. Co. v. Payne, 133 Ky. 539, 118 S. W. 352, 19 Ann. Cas. 294; Stewart v. Com., 185 Ky. 34, 213 S. W. 185, wherein the judgments were reversed on account of the persistent asking of incompetent questions by the successful attorney. Defendant also cites Whitney v. Penick, 281 Ky. 474, 136 S. W. (2d) 570, where we said counsel for plaintiff in an automobile collision case should not ask questions concerning an attempt to compromise, as such questions even though unanswered may influence the jury. It is evident none of these authorities would justify the discharging of the jury in the instant case. While the question asked Mrs. Swinford was clearly incompetent, we do not deem it so prejudicial as to require a reversal of the judgment.

We now approach the question: Is the verdict of $23,000 excessive under the opinion on the first appeal in 279 Ky. 295, 130 S. W. (2d) 745, 748, wherein it was written that a verdict of $25,000 was excessive? We quote from that opinion:

"The matter that gives us most concern is the evidence concerning the extent and probable duration of appellee's injuries and disability. * * * Appellee called as a witness only one physician (Dr. Ballard) who had treated him for his injuries, although he was under treatment or had been examined by a number of others for consultation or advice in that connection."

Dr. E. M. Howard, a surgeon for the L. & N. R. Co., did not testify on the first trial but he did on this one. He testified that soon after the wreck and while the plaintiff was in St. Joseph's Hospital in Lexington, Gregory's family had him visit Gregory. Dr. Howard advised him to go to the Graham Springs Hospital, which he did. Gregory remained there about sixty days, and during this time Dr. Howard saw him probably once a week. In September or October, 1937, Dr. Howard took Gregory to Louisville for examination by Dr. Spurling. On this

trial, Dr. Howard testified he at first thought Gregory's condition might clear up and get better, but now he thinks it is permanent.

The wreck wherein Gregory was injured occurred on May 23, 1937. At the time of the first trial he was up and about on crutches, but he was bedfast at the time of the second trial in October, 1939, and at the time of this trial on April 2, 1941. Without going into the great amount of conflicting testimony given by both doctors and laymen concerning the permanency of plaintiff's injuries, it will suffice to say that with the additional testimony given by Dr. Howard on the direct point on which there was a paucity of evidence on the first trial, coupled with Gregory's present bedfast condition, there is positive and satisfactory proof that his injuries are permanent. The rule enunciated in Illinois C. R. Co. v. Basham, 183 Ky. 439, 209 S. W. 362, and other authorities referred to in the first opinion in 279 Ky. 295, 130 S. W. (2d) 745, that when a verdict for personal injuries is so large that it could be sustained only if the injuries are permanent, there must be positive and satisfactory evidence of permanency, has been met.

Inasmuch as the evidence of permanent injury on the fourth trial is materially and substantially different from that heard on the first trial and centers on the very point which gave this court so much concern in the first opinion, it cannot be said that what was written in the first opinion on the question of excessive damages is now the law of the case. Facts in issue which are not proven with sufficient definiteness to sustain a verdict may be developed on another trial so as to produce a different legal result. Royal Collieries Co. v. Wells, 244 Ky. 303, 50 S. W. (2d) 948; Harlan Gas Coal Co. v. Hensley, 234 Ky. 307, 28 S. W. (2d) 6; Nashville C. & St. L. R. Co. v. Byars, 240 Ky. 500, 42 S. W. (2d) 719.

The judgment is affirmed.

Whole Court sitting.

Judges Thomas and Tilford dissent from that part of the opinion dealing with the time the jury list must be ordered delivered to the sheriff.