## South v. Williamson Dealers Corporation.

Nov. 14, 1944.

Keenon & Odear for appellant.

A, H. Barker for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

In an action brought by Williamson Dealers Corporation against Mrs. Zelia South, the plaintiff obtained judgment. After the term in which the judgment was obtained, Mrs. Zelia South brought an independent action against Williamson Dealers Corporation for a new trial. A demurrer was sustained to plaintiff's petition and the petition was dismissed. The plaintiff appeals.

On the 21st day of August 1940, Mrs. Zelia South entered into a written contract with McCauley Brothers, a partnership, whereby McCauley Brothers agreed to install a Williamson Tripl-Ife furnace in a building owned by Mrs. South. On the same date the contract was entered into, the McCauley Brothers assigned the contract to the Williamson Heater Company, manufacturer of the furnace. The contract provided, among other things, that the purchase price of $512 should be paid direct to the Williamson Heater Company, Cincinnati, Ohio, or its assigns. It also carried the guarantee that after installation, and if properly managed in accordance with manufacturer's printed instructions, and with ordinary care and proper attention to fires, the furnace would have the capacity to, and would heat, all parts of

the building to which complete runs of pipe shall have been made, to an average temperature of 70 degrees Fahrenheit in the coldest winter weather. It further provided, that upon prompt notice of any failure of the apparatus to perform in accordance with the guarantee, and in the case of such failure, the seller reserved the right to relocate the apparatus so that it would fulfill the guarantee, and if the furnace then failed to heat the building to take the same out and install a larger furnace without expense to the purchaser.

The installation of the furnace was completed on November 23, 1940, and Mrs. Zelia South signed a completion notice in which it was stated that she accepted the job as completed and understood all payments must be made to the Williamson Heater Company. Thereafter, on the 26th day of November, 1940, Williamson Heater Company transferred and assigned its interest in the contract to the Williamson Dealers Corporation. Mrs. South did not pay any of the purchase price, claiming that the furnace did not satisfactorily heat the building, and notified both McCauley Brothers and the Williamson Heater Company; whereupon, the Williamson Heater Company sent a representative to Carlisle, Kentucky, to inspect the furnace and made some little adjustment, which Mrs. South claims did not relieve the situation.

The Williamson Dealers Corporation then brought a suit in the Nicholas Circuit Court against Mrs. Zelia South and in its petition set out and made a part of same the assigned contract. Issue was joined and a trial was had and the Williamson Dealers Corporation obtained judgment in the September 1941 term of the Nicholas Circuit Court for its claim in full. After the term in which judgment was obtained, Mrs. Zelia South secured the services of carpenters and others to remove the furnace from her building. She claims that in removing the furnace it was discovered that the furnace was not properly installed; that the pipes were not properly connected, and that the joints in some places were at least two inches apart. She further claims this evidence could not have been discovered, although she was diligent in the defense of the former suit, until the furnace had been removed from the building. After the discovery of this evidence, Mrs. Zelia South filed the instant case asking for a new trial on the grounds of newly dis-

covered evidence. Summons was issued and executed in accordance with Section 56, Civil Code of Practice. Warning order attorney was appointed, and his report properly filed. The defendant, Williamson Dealers Corporation, filed a motion to quash the summons on the grounds that this was an attempt to obtain a judgment in personam against it as a nonresident, which motion was overruled, by the court. Thereupon, the defendant filed its general demurrer to plaintiff's petition, which demurrer was sustained with leave to amend. The plaintiff declined to plead further and effected this appeal.

Williamson Dealers Corporation, appellee herein, claims that the court erred in not sustaining its motion to quash the summons. The appellee, an Ohio corporation, came into the jurisdicton of the Nicholas Circuit Court and filed its petition and recovered judgment. Certainly it could not be contended, had it lost the suit, and if after the term it had discovered new evidence, that it could not then have come into the same court and filed suit and asked for a new trial on the grounds of newly discovered evidence. Where, then, would be the justice in saying, after it had come into the jurisdiction of the court and obtained judgment, it could then withdraw to its foreign jurisdiction, and the defendant, after the discovery of valuable evidence would be denied the very rights that the plaintiff would have and could exercise. This would not be an attempt to obtain a judgment in personam but merely a return to the same jurisdiction into which it had voluntarily come to obtain judgment, and a re-trial of the same cause of action based on the same contract, giving the defendant opportunity to introduce her newly discovered evidence. We think the court properly overruled the motion to quash the summons.

Now as to the question of the general demurrer. The appellee contends that the responsibility and reliability of the installation of the furnace in the home of Mrs. South rests entirely with McCauley Brothers, and takes the position that it became an innocent purchaser of the assigned contract as collateral security for monies it was to advance and did advance to McCauley Brothers on Mrs. South's account. This does not appear to the court to be a justifiable position. It took the assigned contract with the benefits accruing therefrom, and, at the same time, evidently must assume the responsibilities

and burdens contained therein. The obligation on the part of Mrs. South to pay follows the furnishing of a properly installed and adequate furnace. When the appellee received the assigned contract it did it with the knowledge of the burdens therein and based its action on said contract. Consequently, the court is of the opinion that it must share the responsibilities and burdens therein.

The appellee further contends that this newly discovered evidence was not involved in the issues on which the case was tried, and that it goes to the question of defective installation rather than the defective furnace. Obviously, the appellant herein was to get a furnace installed, and installed in such a manner as to heat the building to 70 degrees Fahrenheit in the coldest weather. This she claimed it would not do and notified the Williamson Heater Company to remove said furnace, which they failed and refused to do. It would be noted further that the jury, in returning its verdict, stated as follows: "We, the following jurymen, find a verdict for the plaintiff, as set out in instruction No. 1." (Signed)

Instruction No. 1, under which they found the verdict, says as follows: "You are instructed that if you find from the evidence that the defendant, Mrs. Zelia South, before the filing of this suit entered into a contract with McCauley Brothers for the installation of a furnace in her house; and if you further find that said furnace was thereafter installed, by McCauley Brothers or anyone else in such a manner that it has capacity to and will, if properly managed in accordance with the manufacturer's printed instructions, and with ordinary care and proper attention to fires, heat all parts of the above building to which complete runs of pipe have been made, to heat to an average temperature of 70 degrees Fahrenheit in the coldest winter weather you will find for the plaintiff in the sum of $512.00 with interest from the 3rd day of December, 1941, unless you so find from the evidence you will return a verdict for the defendant."

So, the instruction submitted the question of the installation of a furnace in her house in such a manner that it has capacity to and will, if properly managed, heat the house to an average temperature of 70 degrees Fahrenheit in the coldest weather. This newly discovered evidence, which obviously could not have been dis-

covered until the removal of the furnace and the pipes from the walls, shows that the furnace was not properly installed. Certainly this evidence is material, relevant and not at variance with the issues, or in any manner contradictory to the defense in the original petition.

We are, therefore, of the opinion that the court erred and that the general demurrer should have been overruled.

Judgment reversed.