## C. V. Hill & Co. et al. v. Hadden's Grocery.

Feb. 16, 1945.

420

J. B. Eversole for appellants.

Craft & Stanfill for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On February 11, 1941, Mrs. R. L. Hadden owned and operated a grocery business, located in the suburbs of the city of Hazard, Perry County, Kentucky, under the trade name of "Hadden Grocery." It was managed and conducted by her husband, R. L. Hadden. Besides ordinary groceries the establishment also sold meats and other articles of a perishable nature. On the date referred to R. L. Hadden for and on behalf of his wife signed a written purchase contract made with one of the appellees, A. B. Francis, for a new refrigerating equipment in which to preserve perishable articles handled and sold by the proprietor of the grocery. Francis at the time was the agent and distributor for the appellant, C. V. Hill & Company, a foreign corporation, located at Trenton, New Jersey, and who manufactured the equipment so agreed to be purchased, and installed.

The price agreed to be paid for the entire outfit was $1,350.76, credited by $600, the value placed by the parties on an old refrigerator then being used in the grocery for the purpose stated, but which had become worn to some extent and outclassed by later developed improvements of the nature and character agreed to be purchased under the executed written contract. A down-payment of $137 was made contemporaneously with the signing of the contract, leaving a balance due on the purchase price of the

new equipment $613.76, for the payment of which a note was executed to Francis, payable in monthly installments of $25.58 each until fully paid. Eleven monthly payments were made, but the payor declined to make any future payments. The contract, as well as the note, was immediately transferred by Francis (even before the equipment was delivered or installed) to appellant, the manufacturer, whose agent he was, and when payments were refused there was a balance due on the contract of $357.96.

Under a precipitating clause in the contract, as well as in the note, and under the retention title clause of the contract, the appellant, C. V. Hill & Company, filed this claim and delivery action against the Hadden Grocery to recover possession of the sold equipment, and $100 damages for its use after payments ceased. The defendant executed bond for the retention of the property and then filed an answer denying the material averments of the petition, and in a second paragraph it cross-petitioned against plaintiff and its agent, Francis, wherein defendant sought to recover damages for a breach of the contract of sale, the items of which were set out in the pleading in the aggregate sum of $1,000. The averments of the cross-petition were denied by Francis, the agent, after both he and his principal, the other appellant, had each filed demurrers to the cross-petition, neither of which was ever acted on. Both of them then entered motions requiring defendant (plaintiff in the cross-petition) to paragraph his pleading, which motions were sustained. However, appellant, C. V. Hill & Company, never answered defendant's cross-petition against it, nor obtained any order controverting defendant's cross-petition.

The case was tried altogether upon the issues raised by defendant's cross-petition, there being an apparent abandonment of the claim and delivery relief sought by the original petition. The jury impaneled to try the case returned a verdict in favor of the Hadden Grocery in the total amount of $577.96, which the court declined to set aside on appellants' motion for a new trial and rendered judgment thereon, to reverse which they prosecute this appeal.

The case was practiced more or less confusedly and to some extent the same criticism may be applied to the briefs filed in this court. The motion and grounds for a

new trial relied upon a number of alleged errors, but we do not regard any of them of sufficient materiality to require a discussion and disposition of them, except, (1) the insufficiency of the evidence to sustain the verdict, (2) failure of the court to peremptorily instruct the jury to return a verdict for plaintiff, (3) improper conduct of counsel for defendant and of some members of the jury during the progress of·the trial, and (4) that the instructions given by the court were erroneous and improper. Each of them will be·disposed of in the order named.

1. The evidence as a whole was, as is usual in this character of litigation, very conflicting. Francis procured as a mechanic to install the outfit in defendant's grocery plant one Hunton, but he was not introduced as a witness by either party. However, Francis was present, but he does not appear to possess mechanical knowledge concerning the proper installation of such equipment. Immediately upon the installation, and on the same occasion, Mr. Hadden, the manager of the grocery, was asked to and did sign a receipt or certificate stating that the outfit had been received and installed according to the terms of the contract, but it had not then been operated or put into use, and the certificate did not pretend to nor could it certify as to the character of service contracted for being performed in the future.

Hadden testified that soon after the installation of the machine it failed to operate in the manner set forth in the contract and did not meet its requirements in that respect. He made complaint to Francis who directed him to procure one Jennings whom he recommended as a competent mechanic possessing expert knowledge in such matters. Hadden procured Jennings who spent two or three days working on the installation, and he discovered, according to his testimony, that a part of the sold outfit (a compressor) was a second-hand one and because of its defects its operation had caused the freezing tubes in the refrigerator to be more or less filled with grease and water so as to materially interfere with their functions in producing and regulating the temperature of the refrigerator as the contract provided for. The witness, Jennings, said that he was unable to restore the outfit to the standards set forth in the contract and that it could not be done without returning all of it, including the refrigerator and its tubes, to the factory where all the ob-

structions to the proper operation of the freezing tubes could be removed and which could not be done even if a new compressor was installed in it.

Later, one, or perhaps two other mechanics, at the instance of Hadden worked on the outfit, but were unable to improve its service. Finally Francis procured a new compressor and installed it in the place of the original one, but which according to the testimony of Mr. Hadden, did not produce the service contracted for, after which he refused to make further payments. Francis, of course, denied in his testimony that the original compressor was a secondhand one, but the fact that he later substituted it with a new one (if the theory be correct as to the old one) is strong evidence supporting the claim of defendant on that issue. No one testified as to the efficiency of the outfit to perform as contemplated by the parties in the contract for the purchase, except the cross-defendant, Francis. It is therefore apparent that ground (1) is without merit.

2. Ground (2) is attempted to be supported by two arguments, (a) that the original action sought only the recovery of the machinery by plaintiff, and $100 damages for its wrongful detention after the ceasing of payments on the contract price, and (b) that the evidence was insufficient to sustain the verdict, but which argument we have disposed of in the consideration and determination of ground (1).

Argument (a) is subdivided by counsel in his brief with the two contentions of one that as conditional title holder his client, C. V. Hill & Company, had the right to recover possession of the property sold and to dispossess defendant and which was the entire relief that the original petition sought, and two that the same client was not a party to the contract eo nomine, they being only the Hadden Grocery and A. B. Francis. But that contention is so fallacious as to require no discussion at our hands. If it be true, then the same client did not become conditional title holder to the property involved, since it is only under the terms of the assigned contract that it claims to possess and to enforce that right. Without it plaintiff could not maintain the action as originally brought by it. Furthermore, the cross-petition alleged, in substance, that the contract of purchase was made with appellant, C. V. Hill & Company, through its agent, Francis, and which pleading, as we have seen, was never

controverted by the manufacturer, Hill and Company. However, the question was expressly determined adversely to the contention of counsel in the very recent case of South v. Williamson Dealers' Corporation, 298 Ky. 557, 183 S. W. 2d 634, wherein we expressly held that an assignee of a contract is not only entitled to the benefits of it, but is likewise burdened with its obligations to the other contracting party, and which in this case imposed upon Hill and Company the duty to see that the contract was carried out and fully complied with according to its terms. Since counsel for appellants criticises the instructions given by the court only because none of them should have been given (because, as construed, his client was entitled to a peremptory instruction) and it being shown that the client was not so entitled, it follows that there is no complaint of the instructions as given and which we upon examination approve as being correct ones in this class of actions. Ground (2) must also be determined as being without merit.

3. The record discloses that the court recessed during the trial for a few minutes when some of the jurors retired to a restroom as did likewise counsel for defendant. During the brief retirement one of the jurors began telling a joke on the jailor of the county to which counsel was a listener. Francis witnessed that occurrence and reported it to the court. It then heard evidence from all of the jurors who participated in the conversation and also from counsel, in which it developed that the conversation was only such as we have stated, and every one of those witnesses testified that no mention or reference whatever was made to the case on trial, and that the conversation was only a casual and natural one between acquaintances, or persons casually meeting. There was no proof to the contrary, and the court overruled the motion of appellant's counsel to discharge the jury and continue the case. He relies on section 29.310 of KRS, saying: "No officer shall, without leave of court, converse with the jury or any member thereof upon any subject after they have been sworn."

In order for the section to apply at all to an attorney in the case it should first be determined whether counsel for one of the litigants on trial is such an officer as the Legislature had in mind when it enacted the statute. But if it should be conceded that counsel comes within the purview of the statute (being an officer of the court as

contended) then it will be observed that there is no penalty attached for its violation, nor any punishment for any one guilty of violating it. Perhaps it might create a contempt of court by the offender; but, unless the case on trial was discussed in the conversation we cannot conceive it to have been the intention of the Legislature to forbid *all* conversation between counsel and members of the jury upon entirely unrelated subjects so as to compel both counsel and members of the jury to remain speechless as between each other throughout the trial upon even the most trivial and unrelated subjects.

If we should apply the statute literally as contended by counsel and should assume that an attorney is the character of officer therein referred to, then a juror would be forbidden after he is sworn to greet counsel on meeting him before the trial was over, nor could counsel ask the juror at what price he sold his tobacco, or what did the thermometer register at his home during the previous night. We are persuaded that no such sphinx-like silence on the part of counsel and juror was ever contemplated by the Legislature.

But our conclusion that the statute, as worded in KRS, does not embrace attorneys (though employed in the case) is clearly demonstrated from the history of its enactment. It is section 17, of Chapter 210, Article III of the Session Acts of 1893. As therein appeared the section read: "No sheriff or other officer shall converse with the jury, or any member thereof, upon any subject after they have been sworn, without leave of court." It so appears as section 2257 in Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and we have been unable to find where it was ever amended by a specific act of the Legislature, except as may have been done by the act adopting the entire compilation of KRS. However, the Commissioners compiling that revision not only transposed the language of the section, but also entirely omitted therefrom the words, "sheriff or other," so as to make it possible to contend that the section applied to members of the bar. Clearly, as originally enacted, it was the intention of the Legislature to confine the operation of the section to the sheriff, or other like officers having administrative duties to perform in summoning, impaneling and caring for the jury after the members thereof were selected and sworn, in which case it would clearly not embrace attorneys. But, as so confined in its

426

application, the section as originally enacted is utterly impossible of literal enforcement (even as applied to the indicated character of officers) since the sheriff, or like officer is forbidden to speak to or carry on any conversation with a juror after he is sworn, either with reference to messages to be sent to the family of the juror, or to informing the jury by the officer of the location of provided lodging quarters, in trials requiring the jury to be kept together, or upon many other subjects entirely disconnected from the merits of the case on trial. It is therefore another instance where the Legislative Department, through the exercise of care and scrutiny could prevent much confusion, and, perhaps, litigation by paying due regard to clarity in its enactments. We therefore conclude that this ground is unavailable.

4. The comments we have made in discussing and disposing of ground (2) supra likewise disposes of ground (4), and they need not be again repeated. It follows that the court did not err in overruling the motion for a new trial, and for which reason the judgment is affirmed.

The Whole Court sitting.