Douglas **GALBRAITH** et al., Petitioners,

v.

John J. **WINN**, Special Judge of the Johnson Circuit Court, Respondent.

Court of Appeals of Kentucky.

Oct. 30, 1970.

Dan Jack Combs, Combs & Anderson, Pikeville, for petitioners.

W. A. Johnson, S. H. Johnson, Paintsville, Clifford B. Latta, Prestonsburg, for respondent.

CULLEN, Commissioner.

A judgment of the Johnson Circuit Court, in condemnation proceedings brought by the Paintsville-Prestonsburg Airport Board, which awarded the landowners $258,509 as damages, was reversed by this court in Paintsville-Prestonsburg Airport Board v. Galbraith, Ky., 433 S.W. 2d 868, and a mandate was issued directing that there be "further proceedings consistent with the opinion herein." The ground for reversal was as stated in the following excerpts from the opinion:

"* * * there was a failure to show the highest and best use of the property at the time of the taking was for subdivision purposes, therefore the verdict of the jury being clearly based on the value of the land for subdivision purposes, will have to be set aside as excessive. * * *

* * * * * *

"* * * we do not believe the proof shows the highest and best use to be anything other than agriculture.

\* \* \* \* \* \*

"Even though there is a possibility that a portion of this tract may someday be developed for residential purposes, we believe the proof herein is not sufficient to establish that this is imminent or will come in the near future. \* \* \* "

The opinion concluded with this language:

"In view of the remoteness of this property from a city and the present lack of demand for this type of property in the locality, we are of the opinion that its future use as a subdivision is at present speculative to say the least. Testimony as to its value for subdivision purposes should have been excluded."

On remand of the case a pre-trial conference was held at which was raised the question of admissibility, upon a new trial, of evidence to the effect that the highest and best use of the property being condemned was for subdivision purposes. A hearing was held at which the landowners presented testimony which they proposed to offer on a new trial, as to such being the highest and best use of the property. At the conclusion of the hearing the lower court ruled that under the "law of the case" as set forth in the opinion of this court above referred to, *no* evidence could be admitted to show that the highest and best use of the property was for subdivision purposes.

The landowners thereupon instituted the instant original proceeding in this court, seeking an order requiring the circuit judge to permit the introduction on a new trial of evidence to show that the highest and best use of the property was for subdivision purposes (both residential and commercial).

■ The ruling appealed from does not conform with the intent of our opinion. We did not hold that *no* evidence calculated to show that the highest and best use of the land was for subdivision purposes could be introduced; we held only that the *particular evidence* that *was introduced* on the first trial was speculative and remote and therefore not of sufficient probative value to establish the *fact* of such highest and best use. To be admissible over objection, evidence must tend to establish or disprove an issue in the case, and must be capable of affording legitimate proof, presumption or inference regarding a fact in issue. 29 Am.Jur., 2nd, Evidence, sec. 249, p. 297. Of course, the ultimate fact in issue here was the *value* of the property, and evidence as to its highest and best use was for the purpose of supporting value estimates. Cf. Commonwealth v. Tyree, Ky., 365 S.W.2d 472. Our opinion in the instant case was that the evidence on the first trial, concerning highest and best use, did not have the quality to establish such use, and therefore should have been "excluded," or eliminated from consideration as a basis for an estimate of value. The opinion did not hold that evidence *having* adequate quality would be inadmissible on another trial. The holding was not that the *subject matter* was to be excluded; it was only that the particular evidence that had been presented was not acceptable because it lacked probative quality.

A situation similar to the one here involved was presented in Louisville & N. R. Co. v. Gregory, 289 Ky. 211, 158 S.W.2d 1. There a judgment awarding damages for personal injuries had been reversed on the ground that the damages were *excessive* because the evidence of probable duration of the plaintiff's injuries was *uncertain*. This court held that the "law of the case" did not prevent the introduction on a new trial of substantially different evidence, to the effect that the injuries were permanent.

■ Of course the former opinion of this court in the instant case is the law of the case to the extent of its actual holding, which was that the evidence introduced on the first trial did not have sufficient probative value to establish the fact it was designed to establish, and therefore it should have been excluded from consideration. Accordingly, on a new trial, if the evi-

dence is substantially the same it must be treated as unacceptable to support an estimate of *value*. However, the question of whether the evidence on a new trial is sufficiently stronger than that on the first trial to have probative value probably will not be capable of being determined until all of the evidence is in, and if the determination then is in the negative the method of excluding the evidence from consideration may necessarily be in the form of admonitions or instructions, or even the setting aside of a verdict. See Commonwealth v. Tyree, Ky., 365 S.W.2d 472. Perhaps, when any witness testifies that he bases his estimate of value on the fact that the highest and best use of the property was for subdivision purposes, he should be asked to give an alternate estimate of value excluding such use as a basis; and if it ultimately is determined that the proof of such use is no stronger than on the first trial, the jury will be admonished that the witness' estimate of value based on such use cannot be considered (or if the witness has refused to give an alternate estimate, that his testimony cannot be considered at all). So it is not a question of original *admission* of evidence but is, as stated in our opinion on the original appeal, a matter of *exclusion* of evidence from consideration.

A mandate of this court must be considered with reference to the opinion preceding it. Tuttle v. Irvin Construction Co.'s Receiver, 262 Ky. 361, 90 S.W.2d 359; Helton v. Hoskins, 278 Ky. 352, 128 S.W.2d 732. The trial court in the instant case, in proposing to proceed in a manner not consistent with our opinion on the original appeal, is not complying with the mandate on that appeal. This court has the power to enforce its mandates by appropriate orders. Cline v. Cline, 201 Ky. 318, 256 S.W. 386; Auto Finance & Sales Co. v. Northcutt, 277 Ky. 274, 126 S.W.2d 455; Price v. Wells, Ky., 290 S.W.2d 612. Of course the exercising of the power is reserved for extraordinary situations, although we consider that the matter of adequacy of a remedy by appeal is to be weighed differently than in the ordinary case of application for an exercise of original jurisdiction by this court. In view of the fact that the proceeding in issue is one for condemnation, which has special constitutional importance, and upon weighing the other factors bearing upon adequacy of remedy by appeal vis-a-vis the procedural importance of compliance with the mandates of this court, we conclude that this is an appropriate case for issuance of an order of enforcement.

An order will issue directing the respondent judge, upon a new trial of the case in question, to conform to the mandate of this court in accordance with this opinion.

All concur.