**Artis HAMILTON, Appellant,**

**v.**

**Donald Ray POE and Frank Poe, Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1971.

Marcus Mann, Salyersville, for appellant.

Earl S. Cooper, Salyersville, for appellees.

OSBORNE, Judge.

Appellant, Hamilton, and appellee, Donald Ray Poe, driving their respective automobiles, met at the crest of a sharp rise on a narrow rural road. Appellant was the plaintiff below. Appellee filed a counterclaim. Pursuant to a jury verdict the trial court entered a judgment for appellee, Donald Poe, in the amount of $8,000 for pain and suffering and for appellee, Frank Poe, in the amount of $550 for damages to his automobile. From that judgment appellant prosecutes this appeal contending:

1. Irregularities in the selection of the jury.

2. Failure of the trial court to declare a mistrial because of improper conduct of one of the jurors.

3. The excessiveness of the verdict.

Appellant's contention concerning misconduct of the jurors comes in three parts. He contends that juror Wishard Howard failed to reveal to the court that he had served on the jury within the past twelve months and attempts to support this contention with the affidavit of the circuit court clerk. The clerk's affidavit shows that Wishard Howard served as a regular juror in the April 1968 term of court which expired on June 14, 1968, and that the term of court in which appellant's case was tried commenced on June 23, 1969. Obviously more than a year had expired since the juror had served and he was therefore qualified.

Appellant further contends that three of the jurors were friends of the appellee and for that reason we should reverse the action of the trial court. There is no transcript of the voir dire examination and appellant's allegations standing alone mean nothing to us. It is impossible for an appellate court to say that a trial court abused its discretion when the appellate court does not know what was before the trial court that compelled its actions. This rule is so elementary. We must have written it in one form or another no less than 100 times in the past five years. Yet, week in and week out, day in and day out, litigants come to this court claiming abuse of discretion on the part of the trial court without placing before us the proof or evidence upon which the trial court acted. See Louisville and N. R. Co. v. Gregory, 289 Ky. 211, 158 S.W.2d 1.

Appellant further contends that one of the jurors, Wishard Howard (same juror as above discussed), was sitting on the lower step of the stairway and appellee, Donald Poe, was standing at the other

end of the step at a handrail and they were conversing during a recess. Appellant moved the court for a mistrial. The court heard evidence out of the presence of the jury and overruled the motion. The evidence showed that the parties did not discuss any matters relating to the trial; that the conversation was a brief one and could not have had any effect in any way on the outcome of the trial. The action of the trial court in overruling the motion to discharge the jury will have to be upheld. A rather sound proposition of law is to the effect that in the absence of any showing that matters pertaining to the case were discussed or that anything was done for the specific purpose of influencing the mind of the juror, the contact between the juror and the party is not prejudicial and the failure of the trial court to set aside the swearing of the jury will not be tampered with. See C. V. Hill & Co. v. Hadden's Grocery, 299 Ky. 419, 185 S.W. 2d 681; Pillsbury-Ballard Division of Pillsbury Mills, Inc., v. Scott, Ky., 283 S. W.2d 387; Dalby v. Cook, Ky., 434 S.W.2d 35. Appellant makes other allegations concerning the conduct of the juror which we deem to be likewise without merit.

■ Appellant contends that the verdict is excessive. There is evidence in the record by expert witnesses that there is abnormal nerve activity in the right parietal area of the brain. This testimony is supported by information obtained from an encephalogram. It is confirmed by the medical testimony that this nerve activity is now affecting the function of appellee's arms and legs. Appellee in testifying on behalf of himself stated that prior to the accident he did not have these symptoms. From this evidence the jury could have believed that he received a brain injury in the accident. When we weigh this evidence and consider it in comparison to what is usually found in cases of this nature, we find it weak and lacking in persuasion. However, the jury elected to believe it and they were apparently persuaded by it. Since it was enough to submit to the jury, we know of no authority to now set the verdict aside.

The judgment is affirmed.

MILLIKEN, C. J., and PALMORE, REED, NEIKIRK and EDWARD P. HILL, Jr., JJ., concur.