## Bain v. Commonwealth.

May 10, 1940.

Flem D. Sampson, Judge.

Guy L. Dickinson, Victor A. Jordan and Zeb A. Stewart for appellant.

Hubert Meredith, Attorney General, and William F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At his separate trial under an indictment charging him and others with hog stealing the appellant, John Bain, was convicted and punished by confinement in the penitentiary for five years. His motion for a new trial was overruled, and from the judgment and verdict pronounced thereon he prosecutes this appeal, relying chiefly on two grounds as constituting reversible errors, which are: (1) Error of the court overruling his motion to quash the indictment because returned by a grand jury selected contrary to law, and the same objection to the panel of the petit jury upon the same ground, and (2) admission of certain evidence obtained by an alleged search of appellant's truck in which the alleged stolen hog was found, without a proper search warrant.

Ground (2) may be summarily disposed of, since it is shown by the testimony, and undenied, that appellant not only consented for the officers to search the truck, but especially directed them to do so, and for which reason this ground is unavailable, even though it be conceded that the alleged search made by the officers without the consent, or direction of appellant, would have been illegal under the proven conditions. We will, therefore, confine this opinion to a consideration and determination of ground (1).

Section 2241 et seq. of Baldwin's 1936 Revision of Carroll's Kentucky Statutes prescribes an elaborate process or directions for the selection of both grand jurors, and petit jurors, for the trial of both criminal and civil causes in all kinds of courts, and for the various terms of courts that are not continuous. In the case of Louisville, H. & St. L. Ry. Co. v. Schwab, 127 Ky. 82, 105 S. W. 110, 112, 31 Ky. Law Rep. 1313 prior thereto and continuously since then we held that the enumerated provisions prescribed by the statute for the selection of grand and petit jurors should be at least substantially complied with, and that such substantiality was and is mandatory; but that non compliance therewith might be waived by the litigant whether the cause

**20**

on trial was a criminal or civil one—through his failure to make the proper objection at the proper time. One of the requirements of Section 2241, after providing for the appointment by the judge of jury commissioners, is that "They shall take the last returned assessor's book for the county and from it shall carefully select from the intelligent, sober, discreet and impartial citizens, resident housekeepers in different portions of the county, over twenty-one years of age, the following number of names of such persons, to wit:" etc.

The number of names so prescribed to be drawn by the commissioners are then put into the jury wheel, less the number they draw for services at the next succeeding term of the court and from the wheel the presiding judge of the court will draw jurors to serve at other future terms throughout the year—the commissioners being required to fill it, as directed by the statute, once each year. It was shown in the Schwab case that the wheel was not filled from names appearing on the assessor's book as required by the statute, and some of its other directions were likewise unobserved—substantially or otherwise—because of which objection was made to the panel but which the court overruled. In disposing of the question on appeal we said: "It is probable that the jurors selected to and that did try this particular case were men who possessed all the statutory qualifications; and it may also be conceded that they were entirely acceptable to counsel and parties on both sides. But back of this is the more important question that litigants have the unqualified right to demand that juries shall be selected in the manner prescribed in the statute, and in passing on this right the individual qualification of the juror or the fact that he may be entirely acceptable to the parties is not to be considered. If the contention of appellee was sound, the careful and elaborate scheme devised for selecting juries would be nullified, the statute would be a dead letter, and no inquiry could be made into the manner in which jurors were originally chosen, if those selected to try the particular case possessed the statutory qualifications and were personally satisfactory. The Legislature, in obedience to a popular demand that a radical change be made in the manner of selecting juries, after long delay and much discussion, enacted the statute now in force; and this court in more than one case has given to this law the

sanction of its approval, and declared that its efficiency shall not be impaired or destroyed by the failure of public officers to observe its requirements.''

A criminal case cited as substantiating that declaration is Curtis v. Commonwealth, 110 Ky. 845, 62 S. W. 886, 23 K. L. R. 267, in which it appeared that the panel of petit jurors had not been drawn from the wheel as the statute directs, and which this court said was clearly erroneous, but the error was not available to the defendant in that case because of Section 281 of our Criminal Code of Practice as it then existed, and which at that time expressly withheld jurisdiction from this court to review the selection of either grand or petit jurors in the trial of criminal prosecutions. But since the Curtis opinion was rendered, our General Assembly enacted chapter 63, page 349, of the Session Acts of 1932, by which Sections 280 and 281 of our Criminal Code of Practice were amended so as to make errors in the selection of grand and petit jurors in the trial of criminal prosecutions subject to exceptions and reviewable by this court the same as prevailed with reference to the trial of civil actions prior to that enactment. Therefore, the right of review by us of errors in the selection of grand or petit jurors in the trial of criminal prosecutions now exists and is necessarily governed by the same rules laid down and declared by us as prevailing in civil actions prior to the amendment referred to.

Some of the other cases substantiating the availability of such errors in the selection of jurors are Wendling v. Commonwealth, 143 Ky. 587, 137 S. W. 205; Louisville & N. R. R. Co. v. King, 161 Ky. 324, 170 S. W. 938; Louisville & N. R. R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039; Fletcher v. Commonwealth, 239 Ky. 506, 39 S. W. (2d) 972; Kitchen v. Commonwealth, 275 Ky. 564, 122 S. W. (2d) 121, and Terrill v. Commonwealth, 277 Ky. 155, 158, 125 S. W. (2d) 1015.

In this case it is shown without contradiction that the names put into the jury wheel by the jury commissioners of Knox county were not taken from the required assessor's books as prescribed by the statute supra (Section 2241), and from the names that were put into the wheel by the commissioners both the grand jury that found the instant indictment, and the petit jury tendered for the trial of the case, were selected. Hence the

motion by appellant to quash the indictment against him, and the other one to quash the panel of the petit jury after the first one was overruled should each have been sustained in the absence of a showing by the commonwealth that the proof offered by defendant in establishment of the violations relied on by him were overcome by contradictory proof showing its falsity. No such contradictory proof was offered by the commonwealth and, we repeat, the court erred in not sustaining the motion to quash the indictment and resubmit it to a properly selected grand jury, and again erred when it overruled appellant's motion to discharge the entire panel of the petit jury as based upon the same ground.

As stated in the Schwab case, both the members of the grand jury who indicted appellant, and those of the petit jury that tried his case, may have been not only legally qualified jurors, but citizens of the highest standing; yet the law has wisely provided means and methods for the selection of both grand and petit jurors in a manner that the legislature conceived would guarantee the greatest fairness to litigants, and would best secure the administration of justice to the criminally accused, as well as litigants in civil causes. No provision of the judicial machinery for the trial of causes should be more vigilantly guarded and protected, as well as observed and enforced than those relating to the selection of juries to pass upon the facts of the case, and in the selection of grand juries to prefer accusations for violating the criminal laws of the sovereignty. Therefore, we have strictly adhered to the rule that all such provisions should be at least substantially complied with, and repeat that such substantial compliance is mandatory. Otherwise agencies performing duties appertaining to the final selection of jurymen, by departing from the requirements of the law, could arrange it so that prejudiced and partial jurors, both grand and petit might be impaneled and injustice administered either intentionally or indirectly by filling the juries with incompetent individuals through favoritism to them whereby they might reap the small compensation furnished by the law for such services, or in order to favor friends or punish enemies enmeshed in the clutches of the law.

In this case it was manifested that the jury commissioners, in filling the wheel from which the two juries

involved in this case were selected, put into it the names of their wives and daughters, and, perhaps, others whom they desired to so favor, whose names did not appear on the tax book from which they were required to select the names they put into the wheel for jury services throughout the succeeding year. Judges of courts should see to it that no such radical departures from the mandates of the law are made by their selected jury commissioners, and when it is made to appear that the statutes have been flaunted, it is not only the duty of the court to correct such abuse, but they should also delight in doing so.

Wherefore, the judgment is reversed, with directions to set it aside and to sustain appellant's motion to quash the indictment and to re-submit it to another grand jury properly impaneled. That order when made renders it unnecessary to direct the sustaining of the motion to quash the panel of the petit jury also.