## Roberts v. Commonwealth.

Oct. 18, 1940.

J. B. Howard, Judge.

Nickell & Nickell, Williams & Allen and Leebern Allen for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Franklin Roberts, on a trial for the murder of Carl Reynolds, was convicted of voluntary manslaughter and sentenced to 21 years in the penitentiary. On this appeal the grounds assigned for reversal are: 1) that the verdict is not supported by the evidence, 2) that the trial court erred in admonishing the jury that certain testimony of the defendant was not to be considered as substantive evidence but only for the purpose of contradiction of certain witnesses for the Commonwealth, and 3) that the trial court erred in instructing on voluntary manslaughter and self-defense.

Reynolds was killed on the streets of Campton and on the trial appellant's defense was that he did not do the shooting but that it was done by Dick Smith, a brother-in-law of the deceased. The appellant on the morning of the killing had on his person a dark colored automatic pistol and also a nickle plated Smith & Wesson revolver. He and the deceased at times during the day were in company with Dick Smith and Harold Alexander and all four were drinking. During the course of the day an argument occurred in front of the sheriff's home when these four young men were together and the crowd was dispersed by the sheriff, who testified that the argument he heard appeared to be between the deceased and Dick Smith. However, two witnesses, a sister and a cousin of the deceased, testified for the Commonwealth that at the time of this argument the

deceased told appellant he heard he was mad at him and tried to get the appellant to shake hands with him, which the appellant finally did reluctantly, and that during the talk between the two, and while they were shaking hands, appellant held one hand in his pocket as if upon a pistol. Late in the afternoon the deceased, while walking along the street with his wife and a young girl, was shot and killed and at this time appellant and Alexander were a few feet away from the deceased and Dick Smith was also somewhere in the immediate vicinity on the street, although the evidence is very conflicting as to how far away he was. Nothing whatever occurred between appellant and the deceased at this time but three or more witnesses testified with great positiveness that they saw the appellant fire the shots that killed the deceased with an automatic pistol. Several witnesses for the appellant testified that the shots were not fired by him and appellant and one or more witnesses testified that Dick Smith did the shooting. Appellant, and several witnesses for him, testified that about 4 o'clock in the afternoon, sometime before the killing, Dick Smith borrowed appellant's automatic pistol. This is denied by Dick Smith who testified that earlier in the day he borrowed the revolver which appellant had. The appellant testified that immediately after the shooting he and Alexander ran up the street and out to the edge of town and that they were followed by Dick Smith. When Smith caught up with appellant, he says, Smith made the remark that the pistol was jammed and handed it to appellant and asked him for his other weapon and that he thereupon took the automatic pistol from Smith and gave him the revolver.

As to appellant's first contention that the verdict is not sustained by the evidence, we may say that the evidence of the eyewitnesses appears almost equally balanced as to whether appellant or Smith did the shooting, but in any event it was ample to sustain the verdict of the jury. In addition to the evidence of the eyewitnesses there was before the jury the evidence that shortly after the killing the appellant was in possession of the automatic pistol with which the killing was done, which is explained by the appellant by the rather unusual story that he permitted a man, whom he says he had just seen shoot the deceased, to hand to him the pistol with which the shooting was done.

We find no merit whatever in the contention that there was not sufficient evidence to sustain the verdict.

After the appellant and his witnesses had testified in chief the Commonwealth called two witnesses in rebuttal who testified that some minutes prior to the killing they met the appellant on the street and that he then had an automatic pistol in plain view under his belt on his right side. Appellant then testified in rebuttal that he was not wearing a belt on the day of the killing but was wearing suspenders and also had on a vest, which was buttoned up, so that even had he been wearing a belt it would have been covered up by the vest so as not to be visible to the witnesses who testified to seeing the pistol in his belt. The trial court thereupon orally instructed the jury that this testimony of appellant should not be considered as substantive evidence but only for the purpose of contradicting the witnesses who had testified to seeing the pistol in appellant's belt. It is earnestly insisted that this was reversible error on the part of the trial court because the possession of the pistol at the time of the killing was one of the most vital factors in the case. There is no doubt that appellant is correct in his argument that the possession of the pistol was one of the vital factors in the case for the evidence leaves no doubt that the deceased was killed with the automatic pistol and the appellant contended that it was in the possession of Dick Smith, while the Commonwealth's evidence was to the effect that it was in the possession of the appellant. Nor is there any doubt that the trial court was in error in limiting the effect of this testimony by appellant since it concerned a matter directly in issue in the evidence and was therefore clearly substantive testimony in appellant's behalf. But, while we concede the trial court was in error in limiting the purpose and effect of this testimony, we do not regard it as a prejudicial error such as to require a reversal of the judgment for the reason that appellant already had before the jury his full and unqualified statement that he was not in possession of the pistol at the time of the killing. He testified that he gave the pistol to Dick Smith quite a while before the killing and that Dick Smith had it at the time of the killing and returned it to him after the deceased was shot. Thus the appellant had before the jury the full effect of his denial of the possession

of the pistol at the time of the killing so that his testimony in rebuttal was, in effect, a mere repetition of this denial. In these circumstances the error committed by the trial court was such that the substantial rights of the appellant were not prejudiced within the meaning of section 340 of the Criminal Code of Practice, which requires a reversal for error only when the court on consideration of the whole case is satisfied that the substantial rights of the accused have been prejudiced.

We find little merit in appellant's contention that prejudicial error was committed by the trial court in instructing on voluntary manslaughter and self-defense. The testimony above referred to concerning the conversation between the deceased and appellant in front of the sheriff's home at which time the witnesses stated that appellant appeared to have his hand on a pistol, indicated a state of anger on appellant's part towards the deceased and was such as to require an instruction on voluntary manslaughter. Had the trial court failed to give such an instruction a reversible error would have been committed against appellant. The case of Mackey v. Commonwealth, 80 Ky. 345, relied on by appellant, is not controlling for in that case there was no manslaughter instruction, the evidence disclosing that the accused, if guilty at all, was plainly guilty of murder. It is true in the instant case that at the actual time of the killing nothing transpired between the deceased and the appellant such as would reduce the killing to voluntary manslaughter, but the evidence above referred to undoubtedly required the giving of the manslaughter instruction.

There was no evidence whatever on which to base the self-defense instruction given by the trial court and it should not have been given, but this was an instruction for appellant's benefit and was obviously not prejudicial to him in any manner. The giving of a self-defense instruction, where there is no evidence on which to base it, is harmless to the defendant. Terrell v. Com., 194 Ky. 608, 240 S. W. 81; Davis v. Com., 193 Ky. 597, 237 S. W. 24, 23 A. L. R. 1551.

After a consideration of the entire record we are satisfied that no error was committed prejudicial to the substantial rights of the appellant.

Judgment affirmed.