## South v. Commonwealth.

June 6, 1941.

C. A. Noble and Vernon Faulkner for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Bill South, appeals from a judgment sentencing him to the penitentiary for 21 years on a conviction of the voluntary manslaughter of Alvin Largin. The deceased and several men and women, shortly before the killing, had been at a soft drink stand operated by appellant. They left appellant's place of business and went to the home of the deceased's brother-in-law, appellant's wife accompanying them. Shortly thereafter appellant went to the home where these parties were and says that when he entered the house he saw the deceased lying on a bed fondling Mrs. South; that the deceased, upon seeing appellant, reached for his overcoat in which there was a pistol, appellant having theretofore seen the pistol in the coat, and thereupon appellant shot the deceased in self-defense. At another place in his testimony appellant said: "When I seen him in the bed with my wife, I don't remember what happened and I shot just as fast as I could." At another place he said that he did not remember everything that happened and said "I went all to pieces I guess * * * I just went blank" and at another place he said "I started shooting the last I remember anything about it."

Evidence for the Commonwealth was to the effect that the deceased was lying on a bed with another woman facing her and that appellant's wife was sitting or lying on the bed also but that the deceased's back was turned to her and that there was no improper conduct between her and the deceased.

The trial court gave an instruction on insanity which, with one exception, was in the usual stereotyped form of such instructions. The exception mentioned was that the jury were told that if they believed from *all* the evidence that the defendant was of unsound mind they

should acquit him and were further told that before the defendant could be excused on this ground the jury must believe from *all* the evidence that the defendant was without sufficient reason to know what he was doing.

It is contended that reversible error was committed in giving an instruction on insanity because the evidence did not justify it and, second, that even though the instruction had been justified yet the use of the word "all" as above indicated was in effect an instruction that the jury must believe beyond a reasonable doubt that the defendant was of unsound mind.

We see no merit whatever in either of these contentions. Though it be conceded, arguendo, that the evidence did not justify an instruction on insanity, the giving of such an instruction could not possibly have been prejudicial to the defendant. If it was not justified, it merely resulted in giving to the jury an unauthorized opportunity to acquit the appellant—it was an instruction for his benefit. We have frequently held that the giving of a self-defense instruction where the evidence did not authorize it was not prejudicial to the defendant. See Roberts v. Com., 284 Ky. 377, 144 S. W. (2d) 1043 and cases therein cited. The giving of an unauthorized insanity instruction could be no more prejudicial than the giving of an unauthorized self-defense instruction. In Estepp v. Com., 185 Ky. 156, 214 S. W. 891, relied on by appellant, it was held that the court should not have given an insanity instruction but the giving of the instruction was not held to be an error prejudicial to the defendant. On the contrary, it is apparent that the court regarded it as more of an error committed against the Commonwealth. The complaint as to the use of the word "all" in the instruction, if it should have been given, is equally without merit. While the usual form of instruction does not incorporate the word "all," still it is obvious that its use is implied since, necessarily, the jury's belief should be based on all the evidence in the case.

It is contended also that error was committed in overruling appellant's motion, seasonably filed, to discharge the entire jury panel. Supporting this motion, appellant filed affidavits disclosing, in substance, the following facts. Judge Ward, Judge of the Perry Circuit Court, at the February term appointed jury commissioners to serve for one year. Judge Ward was later de-

prived of the office by the judgment in an election contest and Hon. Roy Helm was appointed to the office in July, whereupon he appointed new jury commissioners. The new jury commissioners proceeded to fill the jury wheel at the office of a lumber company some distance from the courthouse, one of the jury commissioners being an officer of the lumber company. An employee of the lumber company was in and out of the room in which the jury commissioners were doing their work. When the jury commissioners began their work one of them, Troy Back, left and went to his home, leaving the other two engaged in selecting names to be placed in the wheel and on the second day of their service, Johnson, one of the two remaining commissioners, left Morton alone for the remainder of the afternoon and night and thereafter during that afternoon and night Morton selected and placed in the jury wheel the names of 200 or more persons for jury service.

The allegations of these affidavits were categorically denied in an unverified response filed by the Commonwealth's Attorney. Morton, a jury commissioner, also filed an affidavit in which he stated that the commissioners were ordered by the Judge to perform their labors at the lumber company office and in which he further stated that the commissioners selected the names to be placed in the wheel in accord with the statutes read to them by the Judge and according to the instructions of the Judge but he nowhere denied the specific allegations of the affidavit with reference to the manner to which the names were placed in the wheel. As a matter of fact, one of the affidavits filed by the appellant stated that the information as to the conduct of the commissioners was furnished by Morton who agreed to sign an affidavit to that effect but later refused to do so on the ground that such action on his part might result in embarrassing the court. It is perfectly apparent therefore, and we must assume, that the allegations of the defendant's affidavits are true and, this being the case, we are constrained to hold that the trial court should have sustained appellant's motion to discharge the panel.

Without passing on the question of Judge Helm's right to appoint new jury commissioners, we are unable to escape the conclusion that the Statutes with reference to the selection of the names to be placed in the jury wheel were not substantially complied with. Those stat-

utes, Section 2241 et seq., Kentucky Statutes, contemplate a joint action by the commissioners in selecting the names to be placed in the wheel and we unhesitatingly hold that a substantial compliance with those statutes is imperative. The situation revealed here is that one jury commissioner alone selected a major portion of the names to be placed in the jury wheel in the absence of the other two commissioners. Mere minor irregularities and informalities of procedure by the jury commissioners should not be ground for discharging the panel, substantial compliance with the Statutes being sufficient, but the irregularities complained of here are far more than minor irregularities and are such as to constrain us to believe that the very foundation of our system of selecting jurors would be endangered by giving approval to them. The jury commissioners most probably intended no wrong and may have performed their task conscientiously as they saw it—the procedure adopted by them was no doubt due to a misconception of the statutory procedure and requirements. However, we have frequently held that where there has been a substantial violation of the method provided for the selection of jurors it is not necessary that it be established that such violation resulted in prejudicial error to the defendant. Louisville, H. & St. L. Railway Co. v. Schwab, 127 Ky. 82, 105 S. W. 110, 31 Ky. Law Rep. 1313; Kitchen v. Com., 275 Ky. 564, 122 S. W. (2d) 121; Bain v. Com., 283 Ky. 18, 140 S. W. (2d) 612.

The judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.