# May v. Commonwealth.

May 14, 1943.

Reid Prewitt and William Clay, Jr., for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

This appeal is from a sentence of one year to the penitentiary for false swearing.

The grand jury of Montgomery County, at the January term, 1942, returned the indictment, charging the appellant with falsely swearing before the grand jury "that he did not engage in a game of poker at the S. O. S. Camp, a place east of Mt. Sterling on U. S. 60, at any time during the last twelve months."

Motion was made to set aside the indictment on the following grounds: 1) while the jury commissioners were engaged in filling the jury wheel from which the grand jury was drawn officers of the court, attorneys and various other persons were in the office where the jury commissioners were engaged in performing their duties and were going in and out of that office, 2) the jury commissioners placed in the jury wheel from which the grand jury were drawn the names of more than 300 jurors, the maximum number permissible under KRS 29.070, 3) the judge failed to certify the list of grand jurors when he drew them from the wheel, 4) in drawing the grand jury from the wheel the judge drew the names of twenty grand jurors rather than twenty-four as required by KRS 29.130.

The motion to set aside the indictment was overruled. On the trial of the case the appellant, for the ostensible purpose of proving that the grand jury was not duly and legally impaneled, offered evidence to substantiate the grounds set out in the motion to set aside the indictment. This evidence was excluded by the court. The list of grand jurors drawn by the judge, offered in evidence by appellant, showed that it was signed by the judge.

Grounds urged for reversal are: 1) error in overruling the motion to set aside the indictment, 2) error in excluding the evidence offered to establish that the grand jury was not duly impaneled, and 3) error in overruling demurrer to the indictment.

Grounds 1 and 2 will be considered together since it is our conclusion that the grounds relied on to set aside the indictment were insufficient and consequently the evidence offered on the trial to substantiate these grounds was insufficient to establish that the grand jury was not legally impaneled and was properly excluded.

As a primary proposition, it may be stated that all the statutes with reference to the impaneling of juries and the duties of the judge, jury commissioners and other officials with reference thereto are not regarded as mandatory. If slight irregularities and failures to comply literally with all the numerous details contained in these statutes were permitted to be used as an excuse to set aside indictments, few valid indictments would be returned. Hopkins v. Commonwealth, 279 Ky. 370, 130 S. W. (2d) 764.

In the case of certain of the statutes, where it is apparent that a failure to comply substantially with their terms is pregnant with inherent probabilities that the purpose behind the statutes, that of obtaining qualified jurors selected in such manner as to preclude the possibility of packing the jury, will be thwarted, substantial noncompliance will be deemed prejudicial to the substantial rights of the accused without proof to that effect. Examples of such provisions are found in South v. Commonwealth, 287 Ky. 99, 152 S. W. (2d) 295; Kitchen v. Commonwealth, 275 Ky. 564, 122 S. W. (2d) 121, and Bain v. Commonwealth, 283 Ky. 18, 140 S. W. (2d) 612, upon which appellant relies for a reversal. In the South case the basis of the decision was that one jury commissioner alone selected a major portion of the names placed in the jury wheel, not that persons were in and out of the room in which the commissioners performed their duties although that fact was incidentally mentioned in the opinion. In the Kitchen case the judge, in drawing the jury from the wheel, announced the names of jurors drawn thereby violating a cardinal purpose of the statutes that the names of the jurors be kept secret. In the Bain case the jury commissioners did not take the names of the jurors from the assessor's books as required by the statutes, thereby failing to select jurors of the statutory qualifications. In each of the three cases the violation of the statute was on its face such as possessed the potentialities of danger to the substantial rights of the accused in the selection of the juries.

A consideration of the grounds relied on to set aside the indictment in the case before us convinces us that they are not of the character possessing inherent potentialities of danger to the accused's substantial rights.

The mere fact that persons were in and out of the room in which the jury commissioners were performing their duties has little tendency to establish that names placed in the jury wheel were made public—and secrecy as to these names is obviously the purpose of the statute requiring seclusion of the commissioners. All who are familiar with the accommodations and arrangements of the usual and ordinary courthouse are cognizant of the fact that it is well-nigh impossible to arrange for the jury commissioners to act in absolute seclusion. A holding that the mere presence of others in the room with the jury commissioners at times is sufficient ground to discharge the panel would play havoc with court procedure—clearly, no such result was intended by the Legislature.

The action of the commissioners in placing more than 300 names in the jury wheel clearly did not contain the potentialities of danger to the accused substantial rights. It might be that a substantial deviation below the minimum number required to be placed in the wheel might have a tendency to render jury packing feasible but we fail to see any possibility of jury manipulation through a failure to comply with the statutory maximum.

Since the appellant offered evidence showing that the list of grand jurors drawn by the judge was actually signed by the judge, it becomes unnecessary to discuss this ground. We think the signing by the judge was a sufficient certification of the list in compliance with KRS 29.130.

The fact that twenty names, rather than twenty-four, were drawn from the wheel by the judge to compose the grand jury is immaterial. The obvious purpose of requiring twenty-four names is to assure that there will be a sufficient number of jurors present from which to select the grand jury of twelve. If the statute required that the names be called in the order appearing on the list certified by the judge, there might be merit in this ground but since the judge could have selected the same twelve grand jurors even if the full number of twenty-four had been drawn we fail to see how the certification

of less than the maximum number contains any probability of prejudice to the accused.

It is our opinion that the various statutory provisions, violation of which was alleged in the motion to set aside the indictment, are directory and not mandatory. No presumption will be indulged that the substantial rights of the accused were prejudiced by a mere failure to observe such provisions—such prejudice or at least facts from which it may be reasonably inferred, must be shown.

Appellant relies on Shackelford v. Commonwealth, 79 S. W. 192, 25 Ky. Law Rep. 1830, in support of his contention that the court was in error in overruling the demurrer to the indictment. There, the indictment charged the accused with falsely swearing that he had not engaged in a game of chance in Harlan County within five years, when he had in fact engaged in such a game within that period. It was held the indictment was defective because it did not particularize the time and place of a game in which the accused engaged. The indictment before us charged, however, that appellant engaged in a game of poker at the S. O. S. Camp, a place east of Mt. Sterling on U. S. 60 within the last twelve months. This was sufficient. See Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223.

It appears to us that the appellant had a fair and impartial trial and that no substantial right of his was prejudiced by failure to comply literally with the statutes pertaining to the selection of the grand jury.

Affirmed.