## Rodgers v. Commonwealth.

January 26, 1951.

William B. Ardery, Judge.

Ardery & Hobson and Henry Meigs, III, for appellant.

A. E. Funk, Attorney General, and Zeb. A. Stewart, Assistant Attorney General, for appellee.

JUDGE LATIMER—Reversing.

Appellant was indicted, tried and convicted of the crime of malicious cutting and wounding with intent to kill. His punishment was fixed at confinement in the penitentiary for 9 years. He appeals relying on numerous grounds for reversal.

We have concluded that the judgment will have to be reversed on a ground wholly disconnected with the facts and circumstances of the difficulty. Consequently, it is entirely unnecessary to state the facts out of which the indictment sprang.

Upon arraignment, and prior to entering a plea thereto, appellant moved to quash the indictment because of irregularities in the selection of the grand jurors. Affidavit was filed in support of that motion. In substance the affidavit shows that, by order entered on the 17th day of January 1949, the Franklin Circuit Court appointed C. W. McGinnis, B. W. Whitaker, and Herbert Smith as jury commissioners. Two days there-

after, C. W. McGinnis and Herbert Smith were sworn to perform their duties as such commissioners and entered upon their duties. These two commissioners proceeded to select names for jury service in Franklin County by taking the last returned tax commissioner's book for the County. They selected 500 names and placed them in the drum designated to contain the names of those from which selection was to be made for grand jury and petit jury service for the ensuing year. B. W. Whitaker apparently was not sworn as a commissioner and did not participate in the selection of these names. On the 27th day of January, 1949, an order was entered in the Civil Order Book of the Franklin Circuit Court vacating the previous order appointing the three commissioners above, and an order was entered on that date appointing W. P. Carter, C. W. McGinnis and Milton Mefford as jury commissioners. The order shows that these three men were sworn as jury commissioners. Another order was entered on the following day which shows that these three commissioners returned to the court the drum containing the required number of names for jury service, together with envelopes containing the list for grand and petit jury service for the April term of court, 1949. Allowance for one day's pay was also made to the three commissioners.

The affidavit shows that the newly appointed commissioners met and approved the list of names previously selected by C. W. McGinnis and Herbert Smith, and, without removing the names placed in the drum by them, and, without making selections from the tax books, drew the names from the drum for grand and petit jury service. Thus, it will be seen that C. W. McGinnis was the only man on the acting jury commission who participated in the selection of names from the tax books. The allegations of the affidavit, containing in substance the above, are uncontroverted.

At the commencement of trial, motion to quash the indictment was renewed. Appellant insists that, because of the above irregularities, the court erred in overruling his motion to quash. In support of his position he calls attention to Section 158 of the Criminal Code of Practice which provides that substantial error in the summoning or formation of the grand jury is a ground for setting aside an indictment. Attention is also called to KRS

29.050 to 29.100 which set out the procedure to be followed in the formation and selection of a grand jury.

Appellee points out that slight irregularities and failures to comply literally with all details set out in the statutes are not grounds sufficient for setting aside indictments and insists that there was a substantial compliance with statutory requirements. May v. Commonwealth, 294 Ky. 308, 171 S. W. 2d 465.

South v. Commonwealth, 287 Ky. 99, 152 S. W. 2d 295, 297, deals specifically with this question. It was said: "Those statutes, section 2241 et seq., Ky. Stats., contemplate a joint action by the commissioners in selecting the names to be placed in the wheel and we unhesitatingly hold that a substantial compliance with those statutes is imperative. The situation revealed here is that one jury commissioner alone selected a major portion of the names to be placed in the jury wheel in the absence of the other two commissioners. Mere minor irregularities and informalities of procedure by the jury commissioners should not be ground for discharging the panel, substantial compliance with the statutes being sufficient, but the irregularities complained of here are far more than minor irregularities and are such as to constrain us to believe that the very foundation of our system of selecting jurors would be endangered by giving approval to them. The jury commissioners most probably intended no wrong and may have performed their task conscientiously as they saw it—the procedure adopted by them was no doubt due to a misconception of the statutory procedure and requirements. However, we have frequently held that where there has been a substantial violation of the method provided for the selection of jurors it is not necessary that it be established that such violation resulted in prejudicial error to defendant."

Again we say it is not mandatory that statutes be followed with technical or literal strictness, and no more than substantial compliance is required. However, if the irregularity is such as to be a substantial violation of the method provided for the selection of grand jurors, as said in South v. Commonwealth, "it is not necessary that it be established that such violation resulted in prejudicial error to the defendant."

Looking again at the affidavit, we can arrive only at this conclusion: That W. P. Carter, C. W. McGinnis and Milton Mefford, as jury commissioners, returned the drum and sealed envelopes containing the list of requisite number of names for jury service; that C. W. McGinnis was the only member of that jury commission who had anything to do with the selection of names within the drum so returned to the court, and out of which the jurors names were selected; and that there was no joint action by them in selecting the names to be placed in the drum. Approval of the names theretofore selected by C. W. McGinnis and another, as far as the acting commission is concerned, is the equivalent of taking the selection of McGinnis, when the duty of selecting must be a concerted performance by those authorized to make the selection and return the drum. This duty cannot be delegated to others.

Under the facts only one member of the acting jury commission had anything to do with the selecting and placing the names in the drum. We think this a substantial violation of the method provided rather than a substantial compliance. The court should have sustained the motion to quash.

It becomes unnecessary to discuss the other questions raised other than to say: That upon another trial, the officers who testified in rebuttal as to appellant's reputation for peace and quietude should refrain from making answers wholly unresponsive and calculated to place before the jury obviously prejudicial and incompetent matters.

The judgment is reversed for proceedings consistent herewith.