168 So.2d 760 (1964)
VULCAN FURNITURE MANUFACTURING CORPORATION, a corporation, Appellant,
v.
Thomas W. VAUGHN and Gordon Brantley, etc., Appellees.
No. F-335.
District Court of Appeal of Florida. First District.
November 12, 1964.
Rehearing Denied December 7, 1964.
*761 Lewis & Harding, Jacksonville, for appellant.
Cleveland & Goodfriend, Jacksonville, for appellees.
WIGGINTON, Judge.
Plaintiff has appealed a final judgment dismissing with prejudice its amended complaint against defendant partners operating as a limited partnership, seeking judgment for goods, wares and merchandise sold and delivered. Appellant insists that its amended complaint states a cause of action against both partners, and that the court erred in holding to the contrary.
The complaint alleges that on April 2, 1959, the defendants, Thomas W. Vaughn and Gordon Brantley, together with Ernest C. Vaughn, now deceased, filed with the Secretary of State of Florida a certificate of limited partnership pursuant to which the partners commenced operation of a retail furniture business, which business terminated on the first day of August, 1963; that under the certificate of limited partnership Thomas W. Vaughn and Ernest C. Vaughn *762 were designated general partners, and defendant Gordon Brantley a limited partner, the term of which partnership was perpetual; that Ernest C. Vaughn died in 1960, and his share in the partnership was purchased by Thomas W. Vaughn. The crucial allegations of the complaint on which its sufficiency depends state that the partnership failed to secure a renewal of its certificate of limited partnership as required by law at any time subsequent to April 2, 1959, as a result whereof the rights, privileges and benefits granted to it as a limited partnership ceased to exist, the business became a general partnership and the parties thereto became general partners who continued to operate as a partnership to the date it ceased doing business on August 1, 1963; that on April 27, 1963, plaintiff sold to the partnership goods, wares and merchandise of the value of $658.21 for which, together with interest and court costs, judgment is prayed.
The defendant Thomas W. Vaughn failed to answer the complaint as a result of which default and final judgment was entered against him. Defendant Gordon Brantley's motion to dismiss the amended complaint for failure to state a cause of action was granted, and plaintiff was allowed ten days in which to file a second amended complaint if it was so advised. Upon failure of plaintiff to further amend its complaint, final judgment dismissing the amended complaint with prejudice was entered in favor of defendant Brantley. It is from that final judgment that this appeal is taken.
Before discussing the position taken by the respective parties to this appeal regarding the correctness of the judgment here assaulted, it may be considered appropriate to briefly review the uniform limited partnership act adopted by the legislature as the law of Florida in 1943, and appearing as Chapter 620 in our statutes. The act provides that in order to form a limited partnership, the proposed partners shall sign and swear to a certificate containing the information outlined in the statute, including a designation as to which members are general partners, and which are limited partners. Upon filing such certificate with the Secretary of State, and paying the fee prescribed, the Secretary of State shall issue to the partnership his certificate of authority to do business, which fee shall be paid and certificate of authority renewed annually on the first day of January of each year. The statute declares that such certificate of authority shall be prima facie evidence of the right of such limited partnership to do business under the terms and provisions of the statute, and shall be considered as payment to the state for the rights, privileges, protection and benefits conveyed by the provisions of the statute, and no such limited partnership shall do business in this state without first having obtained a certificate of authority for the ensuing year.[1] The statute prohibits a limited partnership from using the surname of a limited partner in the partnership name except upon stated conditions, and further provides that a limited partner whose surname appears in a partnership name contrary to the provisions of the statute is liable as a general partner to partnership creditors who extend credit to the partnership without actual knowledge that he is not a general partner.[2] The act provides that a limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business or violates that provision of the statute regarding the use of his surname in the name of the business under which the partnership operates.[3] A limited partner is given the right to have the partnership books kept at the principal place of business of the partnership and at all times to inspect and copy them; to have on demand true and full information of all things affecting the partnership, and a formal account of *763 partnership affairs whenever circumstances render it just and reasonable; to require dissolution of the partnership and the right to receive a share of the profits or other compensation by way of income and a return of his contribution as provided by the statute.[4]
Under the act the Secretary of State is required to compile and publish the names of all limited partnerships which fail for six months to secure a new or renewal certificate of authority. It is the declared policy of the statute that the rights, privileges, and benefits granted to limited partnerships are on an annual basis, or from year to year, and are granted only after such limited partnership has met the requirements regarding securing certificate of authority or renewal thereof.[5] The statute declares that the rule of law which provides that statutes in derogation of the common law are to be strictly construed shall have no application to this act, which shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it.[6]
It is appellant's position that under Section 620.02 of the statute above mentioned, the partnership was required to pay an annual fee and secure from the Secretary of State a renewal certificate of authority on the first day of January of each year following its formation on April 2, 1959; that because of its failure to do so it ceased to be a limited partnership; and all of the rights, privileges, and benefits granted to the parties as a limited partnership under the statute ceased to exist by virtue of the provisions of F.S. Section 620.31, F.S.A., above mentioned. Appellant therefore reasons that upon the partnership ceasing to exist as a limited partnership, for its failure to comply with the mandatory requirements of the statute, its continued operation during the years 1960 to August 1, 1963, as a retail furniture business was as a general partnership in which both defendants Vaughn and Brantley were general partners, bound for payment of the partnership debts incurred during that period of time. All of these facts having been alleged in the complaint, appellant insists that it sufficiently stated a cause of action against defendant Brantley to withstand the latter's motion to dismiss.
Appellee Brantley takes sharp issue with appellant as to its interpretation of the statute, and with the conclusions reached by it regarding the legal status of the partnership. Brantley insists that even though the general partners in charge of the business failed to pay the annual fee and secure a renewal certificate of authority to operate as a limited partnership as required by statute, such failure did not as a matter of law convert his status from that of a limited partner to one of a general partner in the business. It is appellee's position that before he can be held to be a general partner equally liable for the partnership debts with the remaining general partners, it must be alleged and proved that he, as a limited partner, violated some provision of the statute or otherwise subjected himself to liability for the partnership debts.
Under the provisions of the statute it seems clear that a limited partner, as such, is not bound by the obligation of the partnership. He is not liable to creditors as a general partner unless he also takes part in the control of the business, or unless his surname is used in the partnership name in violation of the statute. He is not a proper party to proceedings by or against such a partnership, except where the action is to enforce a limited partner's rights against, or liability to, the partnership.[7]
The statute provides that a person who has contributed to the capital of a business conducted by a person or partnership, erroneously believing that he has become a limited partner in a limited partnership, *764 is not, by reason of his exercise of the rights of a limited partner, a general partner with the person or in the partnership carrying on the business, or bound by the obligations of such person or partnership; provided, that on ascertaining the mistake he promptly renounces his interest in the profits of the business or other compensation by way of income.[8]
The foregoing section of our statute is a part of the uniform limited partnership act, having application to those situations where, because of a failure to comply with the statute, the limited partnership never comes into existence.[9] Appellant argues that this section of the statute is not applicable to the situation presented in the case sub judice where the limited partnership was validly formed, but subsequently lost its status as such for its failure to comply with the requirements of the statute regarding payment of annual fee and securing a renewal certificate of authority to do business as a limited partnership. There is logic in appellant's contention, and we agree with the conclusion asserted by it. Such conclusion, however, is not dispositive of the question presented for our decision.
From a review of the statutes of the various states relating to limited partnerships it appears that their general purpose is not to assist creditors, but to enable persons to invest their money in partnerships and share in the profits without being liable for more than the amount of money they have contributed. The reason for this is to encourage investing by parties having capital, but who will not participate in the detailed operation of the partnership business, nor induce creditors to extend credit to the partnership under the mistaken belief that the limited partner is a general partner responsible for payment of the partnership obligations. It has been stated that the uniform limited partnership act proceeds on the assumption that no public policy requires a person who contributes to the capital of a business, acquires an interest in the profits and some degree of control over the conduct of the business, to become bound for the obligations of the business, provided creditors had no reason to believe at the times their credits were extended that such person was so bound.[10]
It would thus appear that even though the limited partnership involved in this case lost its right to operate as such because of its failure to make its annual report and secure the renewal certificate of authority from the Secretary of State as alleged in the amended complaint, such loss of status did not automatically convert appellee's status to one of a general partner as a matter of law. The legal character of the partnership ceased to continue as a de jure limited partnership, but became a de facto limited partnership. By analogy, the legal status of the partnership acquired attributes similar to those of a de facto corporation whose de jure status is lost for failure to file its annual report and pay its corporate stock tax as required by law.[11] The partnership's loss of legal status as a de jure limited partnership therefore did not automatically convert appellee's legal relationship to that of a general partner in the business.
The amended complaint filed in the case sub judice does not contain allegations sufficient to state a cause of action against the limited partner Brantley, and we hold that the trial court did not err in dismissing it with prejudice. The judgment appealed is accordingly affirmed.
STURGIS, C.J., and RAWLS, J., concur.
NOTES
[1] F.S. § 620.02, F.S.A.
[2] F.S. § 620.05, F.S.A.
[3] F.S. § 620.07, F.S.A.
[4] F.S. § 620.10, F.S.A.
[5] F.S. § 620.31, F.S.A.
[6] F.S. § 620.28, F.S.A.
[7] 24 Fla.Jur.  Partnership, § 230, p. 484.
[8] F.S. § 620.11, F.S.A.
[9] Uniform Laws Annotated  Limited Partnership  Volume 8, pp. 23-24.
[10] Uniform Laws Annotated  Commissioners' Note  Volume 8, p. 2.
[11] F.S. § 608.36, F.S.A.