**Thomas B. RATLIFF, Commonwealth's Attorney, 35th Judicial District of Kentucky, Petitioner,**

v.

**Honorable James B. STEPHENSON, Judge, Pike Circuit Court, Division No. 1, Respondent.**

Court of Appeals of Kentucky.

Dec. 2, 1966.

Thomas B. Ratliff, Commonwealth's Atty., Pikeville, for petitioner.

Kelsey E. Friend, Pikeville, for respondent.

DAVIS, Commissioner.

Thomas B. Ratliff, Commonwealth's Attorney for the 35th District of Kentucky, invokes the original jurisdiction of this court seeking an order against Honorable James B. Stephenson, Judge of the Pike Circuit Court, Division No. 1, prohibiting him from utilizing the grand jury and petit juries in criminal investigations and trials at the present session of the court. By an order heretofore issued, the relief sought has been denied; this opinion will state the reasons for that ruling.

The petitioner alleges, and the respondent admits, that seventy-seven names were drawn by the respondent judge from the jury wheel as prospective members of the grand and petit juries for the November, 1966 session of the Pike Circuit Court. KRS 29.135(2) is applicable since the Pike Circuit Court is one of continuous session and located within a county which does not contain a city of the first class. The statute directs that only seventy-two names shall be drawn from the jury wheel as

prospective members of the grand jury and petit juries for the ensuing session of the court. KRS 29.135(10) became effective March 23, 1966, and provides:

"Any departure from the procedure set out in any of the foregoing subsections shall create sufficient cause for challenge to the entire panel."

The petitioner contends that the violation of KRS 29.135(2) by drawing seventy-seven names instead of the authorized seventy-two will vitiate all actions of the grand jury and verdicts of the petit juries in criminal investigations and trials at the current session of the Pike Circuit Court.

The respondent concedes that he drew five more names from the wheel than authorized by the cited statute. He alleges that his nine years' experience as judge in the court has taught him that drawing seventy-two names usually will not provide sufficient persons for completion of the grand and petit juries. He noted that of the seventy-seven persons whose names were drawn only forty-seven appeared at the first day of the court session. The others had been excused or were otherwise unavailable. It was from the forty-seven persons who appeared that the grand jury and petit jury panel were formed at the current term.

It is not claimed that the respondent availed himself of KRS 29.135(5) which permits entry of an order reciting the necessity for drawing more names than prescribed by the regular sections in extraordinary circumstances. Thus we are squarely confronted with the question whether the drawing of five names more than authorized by KRS 29.135(2) renders illegal the entire panel.

■ We need not inquire whether we have a constitutional question relating to the separation of governmental powers.[1] In order to avoid that question we construe KRS 29.135(10) as meaning that any *substantial* departure from the procedures set out in KRS 29.135(1) through (9) " * * * shall create sufficient cause for challenge to the entire panel." In the present case we do not regard the drawing of five more names than authorized as constituting a substantial departure from the statutorily prescribed procedures.

An examination of decisions of this court relating to formation of juries reveals that substantial compliance, as opposed to strict compliance, runs like a golden thread through our cases. See as examples, May v. Commonwealth, 294 Ky. 308, 171 S.W.2d 465; Hopkins v. Commonwealth, 279 Ky. 370, 130 S.W.2d 764; South v. Commonwealth, 287 Ky. 99, 152 S.W.2d 295; Kitchen v. Commonwealth, 275 Ky. 564, 122 S.W.2d 121; Bain v. Commonwealth, 283 Ky. 18, 140 S.W.2d 612.

Among more recent decisions of the court are to be found additional instances in which is stressed the need that the method of jury selection be free from suspicion. See, as examples, Juett v. Calhoun, Ky., 405 S.W.2d 946; Price v. Commonwealth, Ky., 366 S.W.2d 725; Commonwealth, Department of Highways v. Garland, Ky., 394 S.W.2d 450; Gill v. Commonwealth, Ky., 374 S.W.2d 848.

In the present case there is no intimation that any improper motive prompted the respondent's drawing of five names more than directed by the statute. We are not to be understood as approving the practice of disregarding the statute, but we are not persuaded that there has been such departure here as warrants vitiating the formation of the entire panel.

1. For example, see Commonwealth, ex rel. Atty. Gen. v. Furste, 288 Ky. 631, 157 S.W.2d 59; Craft v. Commonwealth, Ky., 343 S.W.2d 150.