**VIRGINIA PARTNERS, LTD., a limited partnership organized under the laws of the State of Florida; Richard W. McIntyre, James R. Anderson, Dr. Guy T. Berry, Anthony N. Bentro, Douglas Bourdeaux, Felix J. Ciolino, Ronald J. Ciolino, Salvatore J. Ciolino, Mr. and Mrs. Herbert Cohen, Sid Craig, William H. Crumbaker, Dr. Valentine A. Earhart, Lawrence H. Hennessey, Jr., Zahural and Asma Hug, Dr. Calvin Kay, Dr. Duard Lawrence, Charles Lastufka, Peter A. Lusk, James C. McLaughlin II, James A. McPhersson, Charles E. Melbye, Jerome P. Ottmar, Dr. John K. Petrakis, Stephen O. Proctor, Dr. Sheldon Stone, Dr. B. Boyce Swartz, Dr. William C. Terrall, Dr. William L. Terrall, John Francis Veller, and Ronald J. Verlander, Appellants,**

v.

**Robert DAY, Appellee.**

**No. 86-CA-0375-MR.**

Court of Appeals of Kentucky.

Sept. 18, 1987.

Discretionary Review Denied by Supreme Court Nov. 17, 1987.

Kirtley B. Amos, Lexington, for Virginia Partners and Richard W. McIntyre.

Thomas L. Clark, Lexington, for all other named appellants.

Roger M. Oliver, Berea, for appellee.

Before CLAYTON, McDONALD and MILLER, JJ.

MILLER, Judge.

This is an appeal from a judgment of the Garrard Circuit Court entered upon a jury verdict.

The facts are these: On August 2, 1980, appellee, Robert Day, was tortiously injured in Garrard County, Kentucky, as the result of the negligent act of the appellant, Virginia Partners, Ltd. (hereinafter referred to as Virginia Partners), a limited partnership organized under the laws of Florida, the master state.[1]

At the time of the accident, Day was a bystander observing acid being injected into an abandoned oil well on his farm. (The well was subjected to acid treatment with the hope of activating production of "heavy" crude oil.) The injury occurred when a polyvinyl chloride (PVC) valve failed, causing a hose to rupture or loosen from its fitting, thereby spraying nitric acid upon Day's body. He was severely burned.

Day sued Virginia Partners.[2] Upon discovering that the injury occurred during a "lapse" of certification of the partnership

1. For a discussion of foreign limited partnerships, *see* George W. Coleman and David A. Weatherbie, *Special Problems in Limited Partnership Planning,* 30 Sw.L.J. 887 at 919–922 (1976).

2. Alleging product defect, Day also sued the manufacturer, distributor and vendor of the PVC valve. Virginia Partners cross-claimed against those defendants. The cross-claim was dismissed upon directed verdict, and Virginia Partners' appeal to this Court was dismissed as untimely by order dated April 16, 1986.

in the master state of Florida, and further finding the foreign limited partnership was not registered in Kentucky as required by Kentucky Revised Statutes (KRS) 362.095, he amended his complaint, alleging joint and several liability of the numerous limited partners.

■ On January 4, 1986, the circuit court entered a joint and several judgment against Virginia Partners, Richard W. McIntyre—a general partner, and the limited partners.[3] The basis of the limited partners' liability was that the accident occurred during a hiatus of Virginia Partners' certification in the master state as well as the failure of the partnership to register as a foreign limited partnership in Kentucky pursuant to KRS 362.095. The circuit court reasoned that these failures rendered Virginia Partners a general partnership, thereby exposing all partners to joint and several liability for the injuries sustained by Day. It appears that Virginia Partners was first certified as a limited partnership in Florida on December 4, 1978. Its certification expired on December 31, 1979. Florida required annual recertification.[4] Florida Statutes Annotated (FSA) 620.02. Further, it appears that Virginia Partners failed to maintain the annual certification and was in a period of omission on August 2, 1980, the date of Day's injury, and on July 31, 1981, the date suit was filed. On November 10, 1981, Virginia Partners had their Florida certification reinstated as authorized by FSA 620.31(2) which provided, in relevant part, as follows:

> [T]he certificate shall be renewed and be reinstated as of December 31 of the year for which the limited partnership was last granted a certificate and all business transacted by it since expiration of such last certificate shall be deemed to be the business of the limited partnership pursuant to a valid certificate of authority.

In construing the foregoing provisions of Florida's Uniform Limited Partnership Act (ULPA), a Florida court refused to impose liability upon limited partners for a contract claim occurring during the lapse of certification.[5] It was argued the failure to obtain annual renewal of certification caused a limited partnership to cease and that the operation thereafter was a general partnership exposing the members to liability as such. The Florida court rejected this contention, holding that failure to obtain annual recertification did not automatically convert a limited partner's status to that of a general partner. The court drew an analogy to the law of corporations and concluded that although the limited partnership may have ceased to exist as a *de jure* entity, it nevertheless existed in a *de facto* capacity. *See Vulcan Furniture Manufacturing Corp. v. Vaughn*, 168 So. 2d 760 (Fla.Dist.Ct.App.1964). Upon this reasoning, we conclude Virginia Partners was a duly-certified, limited partnership in the master state of Florida, at all times relevant to the cause *sub judice*.

The critical question for our consideration is whether the failure of a foreign limited partnership to register in this state automatically renders it a general partnership, thereby exposing its partners to joint and several liability for tortious acts in accordance with the provisions of our Uniform Partnership Act (UPA). KRS 362.150 —.360. Our ULPA (KRS 352.410—.700) did not then, nor does it now, address certification of foreign limited partnerships. The requirement of certification, however, is found in KRS 362.095 (not a part of the act) which provides, in relevant part, as follows:

362.095. FOREIGN LIMITED PARTNERSHIP—REQUIREMENTS FOR DOING BUSINESS IN STATE—NAME.— (1) A foreign limited partnership may be

---

**3.** A number of the limited partners settled with Day and are not parties to this appeal.

**4.** In 1986, effective January 1, 1987, Florida amended its statute deleting the requirement of annual recertification. *See* Florida Revised Uniform Limited Partnership Act (1986); FSA 620.101—.186.

**5.** Kentucky law contains no provision requiring annual recertification as did Florida under FSA 620.02 (now repealed), nor, of course, any provision pertaining to reinstatement of any lapsed certification. Our statutory scheme requires a single certification which remains in effect indefinitely.

authorized to do business in this state when, and only when, it has:

(a) Filed a certified copy of its articles of partnership or a certified copy of its certificate of limited partnership and all existing amendments in the office of the secretary of state, which may omit signature pages other than those signed by a general partner. It shall thereafter file a certified copy of subsequent amendments to its articles or certificate in the office of the secretary of state, provided that no amendment indicating merely a change in limited partners need be filed. A limited partnership shall pay to the secretary of state an original filing fee of forty dollars ($40) and a recording fee of twenty dollars ($20) for recording the articles or certificate of partnership and accompanying amendments, and shall pay the same recording fee for recording subsequent amendments; and

. . . .

■ It is clear Virginia Partners failed to comply with the foregoing statute, thereby calling into question the consequence. It is our opinion that failure of a limited partnership to register in our Commonwealth, while it may deny the partnership entry into our courts and other privileges bestowed upon foreign commercial enterprises, it in no way exposes the limited partners to liability as general partners unless, of course, the limited partners actually participate in the conduct of the business within this jurisdiction, or by some means lead potential claimants to rely upon the business, not as a limited partnership, but as a firm of general partners. We observe that neither our ULPA nor KRS 362.095 provides a penalty for failure of a foreign limited partnership to register in this jurisdiction. There is, however, a policy in this state absolving limited partners from liability unless they take part in the control of the business. KRS 362.470.

Limited partnerships are creatures of inestimable value in the world of commerce. They are prime devices for raising the necessary capital to fuel our economic system. They take their place somewhere between the entities of general partnerships and corporations. They are a statutory means of investing money into business ventures with the limited risk of losing only the investment. A general partnership renders the partners liable *in solido* for the obligations of the business without regard to their investment, whereas a limited partnership, provided the statutory scheme is met, allows limited partners to substitute their contribution for personal liability. *See Klein v. Weiss*, 284 Md. 36, 395 A.2d 126 (1978). Although unknown at common law, and in derogation of the common law principle that a partnership participant must share in losses as well as profits, a limited partnership's existence is not to be strictly construed. *See Outlet Co. v. Wade*, 377 So.2d 722 (Fla.Dist.Ct.App. 1979); *Klein v. Weiss*, 395 A.2d at 126; FSA 620.184; KRS 362.680; 60 Am.Jur.2d *Partnership* § 372 (1972).

■ In the case at bar, there is nothing to suggest that the limited partners in any manner participated in the Garrard County venture other than contributing money to Virginia Partners. Nor is there evidence to suggest that their identity and relationship to Virginia Partners was known to Day or anyone else in this jurisdiction. Under the circumstances, we hold that the failure to register in this state as a limited partnership (a fact apparently unknown to the limited partners) did not render the limited partners individually liable for the tortious act of the partnership.

It is beyond doubt, and no serious contention is made otherwise, that both the entity of Virginia Partners and its general partner, Richard W. McIntyre, are liable for the judgment obtained.

For the foregoing reasons, the judgment of the Garrard Circuit Court is affirmed to the extent that it imposes liability upon Virginia Partners and Richard W. McIntyre, and reversed insofar as same imposes judgment upon the limited partners.

CLAYTON, J., concurs.

McDONALD, J., dissents by separate opinion.

McDONALD, Judge, dissenting:

I disagree with the majority's holding that the individual appellants comprising partners in Virginia Partners, Ltd., are entitled to the privileges afforded to limited partners under the statutory scheme in either this state or Florida. The majority seems to have accepted exclusively the view expressed in *Vulcan Furniture Manufacturing Corp. v. Vaughn, supra* at 764, that the purpose of statutes relating to limited partnerships is to "encourage investing by parties having capital" and "not to assist creditors" including, presumably, those tortiously injured. While encouraging capital investment may have been the main objective for this legislation, it is clearly also designed to provide the public with notice of the "essential features of the partnership arrangement." *Hoefer v. Hall,* 75 N.M. 751, 411 P.2d 230, 233 (1965).

The trial court was, I believe, correct in its determination that the partners were liable to the appellee as general partners because of both their failure to substantially comply with the statutory requirements of annual recertification in their master state, (FSA 620.02), and their failure to file the certificate of limited partnership in Kentucky. (KRS 362.095.) As the majority opinion recognizes, there was no compliance whatsoever with the Kentucky statute, KRS 362.095, and no attempt to comply with the Florida procedures until months after the appellee's injuries were incurred. Substantial compliance cannot be predicated on such utter disregard for the mandated procedures for doing business as a limited partnership. *Rodgers v. Commonwealth,* 314 Ky. 496, 236 S.W.2d 270 (1951). There being no substantial compliance with the statutory requirements, the partners should be, as the trial court determined, liable to those persons injured by the partnership, as general partners.