**Aaron STROMHOLT,**
**individually, Plaintiff,**

v.

**Dale RANDS, individually, Sigmund Blum, individually, Southernmost Beach Motels, Ltd., a Michigan limited partnership, Waterfront Motels, Inc., a Michigan corporation, William Berman, individually, Mortimer Harris, individually, and Stuart Kaufman, individually, Defendants.**

**No. 89–10030–Civ.**

United States District Court,
S.D. Florida.

Sept. 20, 1989.

Stanley M. Rosenblatt, Miami, Fla., for plaintiff.

Vivianne A. Wicker, Ronald P. Ponzoli, Miami, Fla., for defendants.

ORDER GRANTING DEFENDANTS RANDS AND BLUM'S MOTION TO DISMISS AS TO THEM; ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

JAMES LAWRENCE KING, Chief Judge.

I. DEFENDANTS' MOTION TO DISMISS AS TO THEM

Defendants Dale Rands and Sigmund Blum have moved to dismiss Plaintiff's negligence action against them, individually. Defendants Rands and Blum contend that they are limited partners of defendant Southernmost Beach Motels, Ltd., a limited partnership. As such, they claim individual immunity from suit, under Florida statutory and decisional law, in an action against the limited partnership.

Defendants submit certificates from the Florida Secretary of State and Michigan Department of Commerce offices which confirm their status as limited partners of Southernmost. Thus, Defendants do not have general partner liability, as alleged in Plaintiff's complaint. If Defendants are liable it can only be as limited partners. Thus, on a motion to dismiss, the court feels compelled to examine Defendants' possible liability as limiteds.

■ The applicable state law lies in Florida Statutes section 620.129 (1987). The Florida legislature repealed former provisions of its partnership law and replaced them with the Florida Revised Uniform Limited Partnership Act of 1986. *See* Florida Statutes Annotated Chapter 620 introductory note (West 1989). Thus, section 620.129 superseded, *inter alia,* section 620.26.

> Section 620.129 reads, in pertinent part: Except as provided in subsection (4), a limited partner is not liable for the obligations of a limited partnership unless he is also a general partner or, in addition to the exercise of his rights and powers as a limited partner, he participates in the control of the business. However, if the limited partner participates in the control of the business, he is liable only to persons who transact business with the limited partnership reasonably believing, based upon the limited partner's conduct, that the limited partner is a general partner....

Subsection four provides for additional liability only when the limited partner knowingly permits the use of his name in the name of the limited partnership. This subsection does not apply to these Defendants.

Here, the court concerns itself with the standard of pleading required to withstand a motion to dismiss. No Florida decisions lay out the standard for pleading a limited partner's liability under the Florida Revised Uniform Limited Partnership Act of 1986. Decisions under the prior act, however, indicate that the court should presume against limited partner liability in the absence of any specific allegations which would make the limited liable under the

law. *See Vulcan Furniture Manufacturing Corp. v. Vaughn,* 168 So.2d 760, 763 (Fla.Dist.Ct.App.1964). This approach also comports with the language of the section, which starts with the norm (no liability) and then progresses to the exceptions ("unless ...," liability only to those persons reasonably believing that limited is a general partner because of her degree of control over partnership affairs). The standard for pleading limited partner liability therefore appears to require that the pleader allege that the limited falls under one of the exceptions to the general rule of no liability.

Here, Plaintiff did not plead that defendants Rands and Blum were limited partners, or that Defendants acted in any way to transcend their limited liability as granted by the Florida Revised Uniform Limited Partnership Act.

When it assesses a motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to Plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Here, Plaintiff alleged that Rands and Blum were general partners, when they in fact were limiteds. Plaintiff has not demonstrated that he is aware of any reason that Defendants should have liability as limited partners. Accordingly, the court adjudges that the complaint be dismissed against Defendants Dale Rands and Sigmund Blum, individually.

## II. DEFENDANTS' MOTION FOR SANCTIONS

■ Defendants have also moved for sanctions because Plaintiff failed to state a cause of action and because, Defendants claim, Plaintiff instituted a frivolous action.

Federal Rule of Civil Procedure 11 governs the imposition of sanctions for attorney irresponsibility with respect to pleadings, motions, and other papers. That rule provides:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....If ...in violation of this rule, the court ...shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

FED.R.CIV.P. 11.

"This language 'stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule.'" *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir.1987), citing FED.R.CIV.P. 11 advisory committee's note. But the *Donaldson* Court also noted that "[t]he rule does not require that pleadings allege all material facts or the exact articualtion of the legal theories upon which the case will be based." *Id.* at 1561. The standard for testing conduct under Rule 11 is reasonableness under the circumstances at the time the pleading was made. *Id.* at 1556; *U.S. v. Milam*, 855 F.2d 739, 743 (11th Cir.1988).

Given the conflicting testimony given by defendant Blum at his deposition in this case (to the effect that he and Rands were general partners in Southernmost), some misleading and illegible filings in the Florida and Michigan state offices, as well as the difficulty in acquiring substantial information about the workings of the defendant limited partnership, the court finds that sanctions would not be appropriate and that Plaintiff's counsel acted reasonably under the circumstances.

Accordingly, the court

ORDERS and ADJUDGES that defendants Sigmund Blum and Dale Rands' motion to dismiss the action as to them individually is GRANTED. The court further

ORDERS and ADJUDGES that defendants Blum and Rands' motion for sanctions is DENIED.

DONE and ORDERED.